## GRANT v. PARSONS ET AL.

1. **Mortgage:** ON LAND INCLUDING HOMESTEAD: FORECLOSURE: RIGHT OF JUNIOR MORTGAGEE TO ASSIGNMENT: CODE, § 3323. Plaintiff began an action to foreclose her senior mortgage on two hundred and forty acres of land, of which forty acres were the homestead. A junior mortgagee, whose mortgage covered all the land but the homestead, was made defendant, and he brought into court the money to pay off the senior mortgage, and demanded an assignment thereof to himself, under section 3323 of the Code. *Held* that he was entitled to an assignment of the senior mortgage only as to the land not included in the homestead. Since the homestead could be sold under the senior mortgage only after exhausting the other land, (Code, § 1993,) and could in no case be subjected to the satisfaction of the junior mortgage, an assignment of the senior mortgage as to the homestead could be of no avail in effectuating the purpose of section 3323.

*Appeal from Clark District Court.*

FRIDAY, SEPTEMBER 25.

PLAINTIFF brought this action on two promissory notes

executed by the defendants L. L. Parsons and O. F. Parsons, and to foreclose a mortgage given by them to secure said notes.   D. S. Sigler was made a party defendant, and it was alleged in the petition that he asserted some interest in the mortgaged premises, but that such interest was junior to plaintiff's mortgage.   He answered, alleging that he was the owner of a mortgage given by the defendants L. L. Parsons and O. F. Parsons to Twining Bros., and that the same was a lien on the premises covered by plaintiff's mortgage, but was junior to it; and he alleged that he was ready and willing to pay the amount of the debt secured by plaintiff's mortgage, and he brought into court the amount of money required for such payment, and he demanded the assignment to him of all plaintiff's interest under her mortgage.   This demand was resisted by plaintiff, and by the defendants L. L. Parsons and O. F. Parsons, and by George W. Frank and Darrow, who intervened in the cause and set up a claim to a portion of the mortgaged property, on the ground that plaintiff's mortgage covered the homestead of the mortgagors, and that defendant had no lien under his mortgage on such homestead, and that, before defendant made the offer to pay plaintiff's debt and take an assignment of her interest under the mortgage, she had released the homestead from the mortgage.   The   district   court   denied   defendant   the   relief demanded, and he appeals.

*Nourse & Kauffman,* for appellants.

*T. M. Stewart,* for appellee.

REED, J.—There is no controversy as to the facts.   Plaintiff's mortgage covers two hundred and forty acres of land, forty acres of which is the homestead of the mortgagors. Defendant's mortgage is junior to plaintiff's, and it covers all of the land covered by plaintiff's, except the homestead. The question is as to the extent of the interest which defendant is entitled to have assigned to him upon the payment by

him of the amount of the debt secured by plaintiff's mortgage. His claim is that under Code, § 3323, he is entitled to have the whole of the interest of plaintiff under her mortgage assigned to him. That section is as follows: "At any time prior to the sale, a person having a lien on the property, which is junior to the mortgage, will be entitled to an assignment of all the interest of the holder of the mortgage, by paying the amount secured, with interest and costs, together with the amount of any other liens of the same holder which are paramount to his own. He may proceed with the foreclosure, or discontinue, it at his option."

If the language of this section is to be taken literally, defendant's claim could not well be denied. However, in determining what rights accrue under it on the present state of facts, it should be construed in connection with such other legislation as may relate to the same subject-matter. The manifest object of the section is to secure to the junior lienholder the right to protect his lien by buying in the paramount incumbrance, and it should be so construed, if possible, as to effectuate that object. If the junior lien attaches to but a portion of the property covered by the senior mortgage, and all portions of it are subject to be sold alike for the satisfaction of the debt secured by that mortgage, the junior lienholder would undoubtedly be entitled, under the statute, upon the payment of the amount of the debt, to an assignment of all the interest of the holder of the mortgage. For in that case he would have the right, first, to apply the portion of the property covered by the senior mortgage alone to the satiafaction of the debt secured by that mortgage, and afterwards to appropriate the property covered by the junior lien, or the portion of it remaining after the satisfaction of the debt secured by the senior mortgage, to the satisfaction of the debt secured by that lien. But in this case, the portion of the property to which the junior lien did not attach is the homestead of the mortgagors, and it can be sold under the senior mortgage only to supply the deficiency remaining

after exhausting the other property covered by that mortgage. Code, § 1993. And if the homestead should sell for an amount in excess of such deficiency, the amount remaining could not be appropriated in satisfaction of the debt secured by defendant's junior mortgage, but would be held by the mortgagors exempt from that debt, so that defendant could not be benefited by the assignment to him of the interest of the plaintiff under her mortgage in the homestead. There is no possible way in which that interest can be made available for either the protection or satisfaction of his junior lien, and the only interest held by plaintiff by virtue of her mortgage, which in any event can be appropriated to the satisfaction of the junior lien, is her interest in the other property.

We think, therefore, that the district court did not err in refusing to direct plaintiff to assign to him her interest in the homestead. The judgment, however, denies him any relief. He is clearly entitled, if he shall elect to accept it, to an assignment of the interest of plaintiff in the property other than the homestead, and the judgment will be so modified as to secure that right to him. In the view we have taken of the rights of the parties under the statutes quoted above, it is unnecessary to determine whether there was a release by plaintiff of the mortgage on the homestead. But the costs of the appeal will be taxed to the appellant.

MODIFIED AND AFFIRMED.