## KNOX v. MOSER ET AL.

1. **Decree:** MISTAKE: MOTION TO CORRECT. A motion to correct a decree by striking out a clause, on the ground that it was inserted by mistake, was improperly sustained, where it appeared that the decree had been prepared by the concurrent action of counsel for both parties, and that the mistake, if any, was not one of fact, but related to the legal effect of the clause in question. Mistakes of law are not contemplated by § 179 of the Code, providing for altering decrees to correct evident mistakes.

*Appeal from Dubuque Circuit Court.*

THURSDAY, JUNE 23.

THE facts are stated in the opinion.

*S. P. Adams,* for appellants.

*Fouke & Lyon,* for appellee.

SEEVERS, J.—In December, 1885, a decree was entered in an action brought to foreclose a mortgage by the plaintiff against the defendant and others. The mortgage was on the real estate referred to in *Johnson v. Moser,* 66 Iowa, 536. In August, 1886, the plaintiff filed a motion to correct, by striking out a clause in the decree, on the ground that it was made a part of the decree by mistake. The court so found, and the relief asked by the plaintiff was granted. In so ruling the appellant insists that the court erred, for the reason that no mistake was made, and, if there was, that the same cannot be corrected in this proceeding. Upon looking into the record, we think the mistake was one of law, as to the legal effect of the clause of the decree in question, and that such mistake is not contemplated by section 179 of the Code. The decree was prepared by counsel for the plaintiff, and, upon being submitted to counsel for the appellant, he prepared an addition thereto, which was amended by counsel for the plaintiff, and the same became a part of the decree, and was so entered by the clerk; and it is this portion of the

decree the court struck out. Clearly, in our opinion, counsel for the plaintiff had full and complete knowledge of the provision of the decree now objected to. There was no mistake of fact. It is not claimed that counsel did not read the provision in question, or that he was deceived in any respect in relation thereto, unless possibly as to the legal effect of such provision, and we think the mistake contemplated by statute, and which may be corrected, is a mistake of fact, for the reason that the general rule is that relief will not be granted for a mistake of law. Counsel for the appellee insist that, if it be so conceded, the decree, when read and constructed all together, in legal effect, is in accord with *Grant v. Parsons*, 67 Iowa, 31, and therefore the ruling of the circuit court is not prejudicial. After much reflection, we do not think we can or ought to determine this question in this proceeding. The only relief asked is the correction of the decree. This should be granted or refused. Further than this we cannot go, for the reason, if no other, that under the decree the appellant paid certain money into court, which the plaintiff had accepted, and it is possible that the equities or legal rights of the parties may be affected or changed by this circumstance.

The order made correcting this decree must be

REVERSED.