WISCONSIN & ARKANSAS LUMBER COMPANY, Plaintiff, Appellee, v. GEORGE W. CABLE, JR., Executor of the Will of GEORGE W. CABLE, deceased, and M. N. RICHARDSON, STELLA B. RICHARDSON and EDNA BURDICK, Executors of the Will of A. BURDICK, deceased, Defendants, Appellants.

**Corporations:** DISSOLUTION: CONTINUING LIABILITY FOR OBLIGATIONS.
1  Under the statutes of this state a corporation cannot avoid liability for existing obligations, though unliquidated, by dissolution and distribution of its assets among its stockholders, whether the dissolution be voluntary or involuntary; but it will continue to exist for the purpose of winding up its affairs.

**Same:** SERVICE OF NOTICE. Service of notice of an action against a
2  corporation upon a stockholder, after its voluntary dissolution, who

was an officer and director, and who was the last person elected Secretary, was a sufficient service upon the corporation to confer jurisdiction.

**Same:** ACTION UPON JUDGMENT: EQUITABLE RELIEF. In an equitable action based upon a claim evidenced by a judgment, in which every essential fact to plaintiff's recovery is established by the evidence independent of the judgment, the court will grant such relief as plaintiff is entitled to regardless of the validity of the judgment.

**Same:** LIABILITY OF OFFICERS FOR CORPORATE DEBTS. Where the officers of a corporation brought about a voluntary dissolution and distribution of the assets, and received and retained a portion in excess of a valid claim against the corporation, they were jointly and severally liable for the amount of the claim.

*Appeal from Scott District Court.*—HON. WM. THEOPHILUS, Judge.

WEDNESDAY, MARCH 12, 1913.

ACTION to recover from defendants, as officers and stockholders of the Hayward Timber Company, an amount claimed to be due from the said Timber Company to the plaintiff; it appearing that the Hayward Timber Company, a corporation, had made voluntary dissolution and distributed its assets among its stockholders, among which were the defendants herein.—*Affirmed.*

*Lane & Waterman,* for appellants.

*Sharon & Higgins,* for appellee.

GAYNOR, J.—It appears that on the 23d day of December, 1910, the plaintiff obtained judgment against the Hayward Timber Company, a corporation existing under the laws of this state; that execution was issued upon said judgment and returned wholly unsatisfied; that the Hayward Timber Company was organized about March 20, 1895; that its principal

place of business is at Scott county, Iowa; that its paid-up capital stock was $300,000; that it was organized for the purpose, and did purchase, 75,000 acres of land in the state of Arkansas; that on or about the 25th day of October, 1901, it sold the land so purchased to the plaintiff herein for the sum of $1,029,223.52; that the last payment became due on said purchase October 25, 1906; that on the 9th day of February, 1905, the Hayward Timber Company executed and delivered to this plaintiff its warranty deed for all of said lands, and at the same time, as a part of the same transaction and in consideration of this plaintiff's paying the purchase price of said land in full, made, executed, and delivered to the plaintiff its contract of indemnity, by which it indemnified the plaintiff against all loss or damage by reason of defect in the title of any of the land so conveyed, said contract fixing, as liquidated damages, $13.66⅔ per acre for each acre, the title to which was found not to have been in the said grantor and obligor at any time; that the judgment, hereinbefore referred to, was recovered by the plaintiff against the said Hayward Timber Company for a breach of the conditions of said bond of indemnity in that the title to certain of the land aforesaid failed and was found not to be in the said Hayward Timber Company at the time the same was conveyed to this plaintiff.

The plaintiff claims that, notwithstanding the obligation and indebtedness of said company to this plaintiff, is evidenced by said judgment, the defendants, each of whom are stockholders and offcers of said corporation, claim that the cause of the insolvency of said Hayward Timber Company is due to the fact that all of the assets of said corporation were distributed as dividends to the stockholders; and the plaintiff alleges the fact to be that the defendants did distribute all the assets of the corporation as officers and directors thereof, and as stockholders did receive, and have converted to their own use, a large amount of said assets, equal to an amount in excess of $5,000 each, which they; and

each of them, hold as trustees for the creditors of said corporation and especially for this plaintiff; and the plaintiff asks for a judgment and decree establishing the right, interest, and lien of the plaintiff, under said judgment, in and to and upon the funds so in the possession of the defendants, and each of them, and that said right and lien be enforced against said funds.

The defendants, answering plaintiff's petition, deny that the plaintiff has any valid judgment against the Hayward Timber Company for the reason that the so-called judgment sued on is invalid and of no effect, because the court purporting to render it had no jurisdiction of it; that the written notice was served upon one E. B. Hayward, who was not at the time in the service, and had not been for many years prior thereto, an officer of said company. Defendants, further answering, deny that the said Hayward Timber Company is insolvent, and aver that long after the plaintiff knew, or in the exercise of the slightest care should have known, of the breach of the conditions of said bond of indemnity, the said Hayward Timber Company, being in complete ignorance of plaintiff's claim, by proper proceedings had, and after notice given as required by section 1617 of the Code, dissolved said corporation and thereafter distributed its assets among those entitled thereto; that the plaintiff herein filed no claim after notice of such proposed dissolution, and made no demand therefor upon the Hayward Timber Company, but permitted the dissolution to be accomplished and the assets to be distributed; that the dissolution became effective on or about March 29, 1906, and more than a year before plaintiff made any claim on account of the matter sued on.

Upon the issues so tendered, the cause was submitted to the court upon the following stipulation of facts:

That the plaintiff is a corporation organized under the laws of Wisconsin, and that the Hayward Timber Company was organized as a corporation under the laws of Iowa. That

the Hayward Timber Company was organized, during the year
1895, and had a paid-up capital stock of $300,000; that
George W. Cable was a stockholder and the president, A.
Burdick was a stockholder and the vice president, and E. B.
Hayward a stockholder and secretary thereof, since its organi-
zation, and each was a member of the board of directors of
said corporation, and were the last persons elected to hold the
said offices.  That said corporation was organized for the pur-
pose and did purchase about 75,000 acres of land suitated in
the counties of Grant, Hot Springs, Dallas, and Clark in the
state of Arkansas.  That on or about the 25th day of October,
1901, the said Hayward Timber Company sold to L. N.
Anson and other trustees, for a corporation to be organized,
the lands above mentioned for the sum of $1,029,223.52, pay-
able $529,223.52 on that date and $100,000 on the 21st day
of October in the years 1902, 1903, 1904, 1905, and 1906;
and said Hayward Timber Company executed its bond for a
deed conditioned on such payments to convey said lands by
good and merchantable title.  That at the time of making
said deed (February 9, 1905), the Hayward Timber Com-
pany made a 'contract of indemnity' as follows:  'Know
all men by these presents, that, whereas the Hayward Timber
Company, a corporation organized and existing under the
laws of the state of Iowa, and having its principal place of
business at the city of Davenport, in said state, did on the
25th day of October, 1901, by its agreement in writing, bar-
gain and sell unto L. N. Anson, of Merrill, Wisconsin, as trus-
tee for himself and John Landers, Alexander Stewart, Walter
Alexander, H. H. Foster, C. C. Yawkey, Jacob Mortenson and
Charles Edgar, and such corporation as they might organize,
or cause to be organized, under the laws of any state, certain
lands lying and being in the counties of Hot Springs, Dallas,
Grant and Clark, in the state of Arkansas, at and for the
price and sum of $1,029,223.52, in gross; and whereas, the
aforesaid trustee and his cobeneficiaries did thereafter
organize under and by virtue of the laws of the state of Wis-
consin a certain corporation, to wit, The Wisconsin & Arkan-
sas Lumber Company of Wausau, Wisconsin; and whereas
the said Wisconsin & Arkansas Lumber Company has this
day paid to the said Hayward Timber Company the balance
in full of the purchase price of said lands, and the said Hay-
ward Timber Company has this day executed and delivered

to the said Wisconsin & Arkansas Lumber Company, a proper warranty deed of conveyance of the said lands; and whereas the purchase price of said lands, as provided in said written agreement, was made on the basis of thirteen and two-thirds dollars per acre.  Now, therefore, in consideration of the premises, and of other good and valuable considerations, the said Hayward Timber Company does hereby specially agree and covenant with the said Wisconsin & Arkansas Lumber Company, upon failure of title, at any time hereafter, in or to any contract or parcel of the lands described in the said deed aforesaid, on account of any defect whatsoever in the title of the said Hayward Timber Company, in and to any of said lands, then and in every such case of failure of title the said Hayward Timber Company shall forfeit and pay to said Wisconsin & Arkansas Lumber Company, its successors and assigns, as liquidated damages, the sum of thirteen and two-thirds dollars per acre for each and every tract or parcel of land the title to which has so failed and become void, together with interest upon such sum at the rate of five and one-half per cent. per annum from the 25th day of October, 1901; until paid.'  That the title to the W. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ and N. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of section 32, in township 6 south, in range 16 west, containing 120 acres, and the tract of 100 acres in the N. E. corner of the N. W. $\frac{1}{4}$ of section 19, in township 6 south, in range 17   west, was not good in the grantor when purchased by the Hayward Timber Company; that the conveyance to plaintiff was in good faith, but there was a failure of title thereto.  That on the 5th day of May, 1910, plaintiff notified the Hayward Timber Company of the failure of the title to the one hundred acres above mentioned. The balance claimed on the failure of the title to the one hundred and twenty acres has not been paid, and no part of the claim for failure of title of the 100 acres has been paid. That the Hayward Timber Company distributed among its stockholders the money received from the plaintiff as the purchase price of said lands in seven dividends, the first of which was paid November 4, 1901, the second December 13, 1903; that these two distributions aggregated $1,020,000, and the last, amounting to $1,650, closed the account and was paid in January, 1906.  That, including the defendants' testators, there were thirty stockholders of the Hayward Timber Company who participated in the dividends, all, except two,

receiving in the aggregate over $2,000, and all, except seven receiving over $3,000; and that George W. Cable, E. B. Hayward, and A. Burdick received each more than $5,000. That the Hayward Timber Company caused to be published for four successive weeks, commencing on the 8th day of March, 1906, and ending on the 29th day of March, 1906, in the Weekly Davenport Democrat and Leader, the notice of dissolution, and the action of the stockholders was taken by a duly called meeting of its stockholders on January 27, 1906. That the plaintiff corporation had no actual knowledge of the publication of the notice mentioned in the last item, nor of the action of the Hayward Timber Company on which said notice is based, and which action is referred to in said notice. That the plaintiff had no knowledge of the failure of the title to the one hundred and twenty acres of land herein described until December, 1907, and that it had no knowledge of the failure of the title to the 100 acres in the agreement described on the 28th day of April, 1910. That plaintiff obtained judgment against the Hayward Timber Company in the district court of Iowa, in and for Scott county, December 23, 1910, for the sum of $2,236.60; that being the amount, with interest, then due on plaintiff's claim. That the original notice in the action in which said judgment was entered was served on the Hayward Timber Company by service on E. B. Hayward, in Scott county, Iowa, during the month of August, 1910. That no appearance was made by the Hayward Timber Company, and no answer was filed for it, and said judgment was entered by default. That execution issued on said judgment and was returned wholly unsatisfied, and no payments have been made thereon.

This action was originally commenced against George W. Cable and A. Burdick, referred to in the stipulation hereinbefore set out, and who were stockholders, officers, and directors of the Hayward Timber Company during the existence of the corporation, and as such officers distributed, as dividends to the stockholders, all the assets of the corporation, and that each of them received in said distribution of the assets of the corporation a sum in excess of $5,000 each.

The defendants herein are the executors of the estates

of the said Cable and Burdick; said Cable being a stockholder and president of the corporation, Burdick stockholder and vice president, Hayward stockholder and secretary, and were also members of the board of directors and the last persons elected to hold said offices.    The case was tried upon the stipulation of facts, and judgment and decree entered for the plaintiff in the sum of $2,410.43, and from this judgment the defendants appeal, assigning certain errors upon which reversal of the judgment of the court is asked.

The first assignment of error is that the plaintiff, at the time of the commencement of these proceedings against these defendants, had no valid judgment against the Hayward Timber Company, because the trial court never obtained jurisdiction of the Hayward Timber Company to render any judgment against it, for the reason that the written notice was not served on any officer, agent, or person connected with said company, in that the Hayward Timber Company was a corporation and it had been dissolved and had distributed its assets and ceased all business many years before said action was begun or said original notice served.    Defendant further says that the plaintiff has no standing in court because said corporation was dissolved after due notice of its intention to do so, and had distributed all its assets with no knowledge of plaintiff's claim, and that therefore the stockholders cannot be held liable to this plaintiff.

1. CORPORATIONS:
dissolution:
continuing lia-
bility for obli-
gations.

It will be noticed from the foregoing statement of the facts that E. B. Hayward was stockholder and secretary and a member of the board of directors of the Hayward Timber Company during its existence, and was the last person elected to that office.    It will also be noticed that in the action commenced by the plaintiff against the Hayward Timber Company, which resulted in the judgment now sued on, the written notice was served on the defendant Hayward Timber Company by serving same on E. B. Hayward, as secretary of said company, and that, upon such service, judgment

was rendered against the Hayward Timber Company, in favor of the plaintiff, upon the 23d day of December, 1910; that the service was made upon the said Hayward during the month of August, 1910; that no appearance was made by the Hayward Timber Company, and no answer was filed by or on its behalf. It will be noticed that, at the time of the commencement of said action against the Hayward Timber Company, the said company had been dissolved, by the voluntary act of the company, some time in the spring of 1906, and that, prior to its dissolution, it had distributed all the funds in its hands among its stockholders, including the amount paid to said corporation by plaintiff.

The first question for determination is, Does the dissolution of a corporation, by the voluntary act of its stockholders and the distribution of its assets among its stockholders, so extinguish the legal existence of the corporation that thereafter it is released from, and no longer holden for, its contractual obligations and liabilities existing at the time of the dissolution, so that it cannot be sued therefor or judgment rendered against it thereon? It is true that at common law the dissolution effects the civil death of the corporation. Morawetz on Private Corporations, and other law writers on this subject, tell us the dissolution of the corporation at common law not only means that the company has lost its franchises and can no longer act in a corporate capacity, but it implies that the corporation has wholly ceased to exist in legal contemplation, and will not be recognized as a corporate body for any purpose, and that it follows from this that suits brought by or against such a corporation are abated by its dissolution, and a judgment purporting to be rendered against a corporation, which is not in existence, is a nullity; that it can neither sue nor be sued; but this common-law rule no longer obtains in many jurisdictions, and has been repudiated as too unjust to receive judicial sanction, and, in this state, it has been justly repudiated, both by statute and by the decisions of this court.

Section 1629 of the Code provides: "That corporations whose charters expire by limitation or the voluntary act of the stockholders, may nevertheless continue to act for the purpose of winding up their affairs."

In the case of *Muscatine Western Railroad Company v. Horton*, 38 Iowa, 33, counsel contended that the sale by the corporation of all its property rights and franchises, done with the unanimous consent of the stockholders, amounted to the voluntary dissolution of the corporation, and thereby its corporate existence ceased, and it no longer possessed the rights and ability to enforce them. The court said in that case: "Its corporate powers expired by the voluntary act of the stockholders, and it ceased to be a corporation, except so far as it was kept alive by the law; but it was and is kept alive by statute for the purpose of discharging its contracts and disposing of its property." It is true, in that case, that, at the time of the sale of its property rights and franchises, the plaintiff reserved, by the expressed contract, the tax which was the subject-matter of the controversy in that suit, and the subscription made in aid of the enterprise to be collected and applied to the payment of another company which it had employed to build the road; but whether this reservation in the sale would have the effect of keeping the corporation alive, or whether it was kept alive by reason of the existence of these rights and obligations unfulfilled, is not expressly determined, but the thought of the court seems to be that upon the dissolution so made, the sale of its property rights and franchises, certain obligations still rested upon the company from which it could not escape, even by a voluntary dissolution, for the court says: "It was kept alive by statute for the purpose of discharging its contracts and disposing of its property. Considering the sale of the franchises of the company, its rights, and property as a voluntary dissolution, it continues to exist to wind up its affairs, and most certainly may fully perform these things it is required to do by the act of its dissolution."

The obligation upon which the present case is predicated was in existence, was in full force at the time of the dissolution of the Hayward Timber Company, and the obligations growing out of it still exist, and the contractual liability of this corporation to the plaintiff was unimpaired. It is true that the amount of the liability was not determined; but the duty to meet the obligation, arising out of the contract, remained, and, notwithstanding its dissolution *pro forma,* continued to exist until the obligation was discharged. It could not by its own voluntary act relieve itself from this contractual liability, nor could it relieve the property or assets of the corporation by distributing them among its own stockholders. In support of this, see *Muscatine Turnverein v. Funck,* 18 Iowa, 469; *State v. Fogerty,* 105 Iowa, 32; *Swartley v. Creamery Company,* 135 Iowa, 573.

We think that our statute clearly makes provision for the protection of all persons who would be affected by a dissolution of a corporation, and whose claims are unsatisfied, whether dissolution be voluntary or involuntary. See sections 1629, 1640, 1622, 4328, and 4327 of the Code.

The injustice of any other doctrine is emphasized when we come to consider its effect from either a moral or legal standpoint. Thus we have a corporation organized for the transaction of business. We find it with assets available to meet all its legal obligations. It assumes obligations to be performed within the limit of its franchise right. Before the expiration of the limit, by action of its stockholders, it is voluntarily dissolved, and its assets distributed among its stockholders, and it thereupon says to its creditors, "We have dissolved our corporation. It no longer exists. We have distributed all the assets among the stockholders. The corporation is dead. It cannot be sued. Its assets are distributed and cannot be reached. Go to. By our act we have repudiated our obligations, both as to the corporation and its assets." Such a doctrine is too unjust and too repugnant to receive the sanction of this more enlightened

age of jurisprudence, and we repudiate it, both on authority and on reason. See the case of *Huber v. Martin*, 127 Wis. 412, (105 N. W. 1031, 1135, 3 L. R. A. [N. S.] 653, 115 Am. St. Rep. 1023, 7 Ann. Cas. 400), in which it is said: "We are cited to the ancient rule of the common law that, upon the termination of a corporation, its real estate reverts to the grantor and its personalty to the sovereign, and its debts become extinguished. If it ever existed in fact, it is wholly obsolete, except as to purely public corporations." See, also, *Commercial Loan & Trust Co. v. Mallers*, 242 Ill. 50, (89 N. E. 661, 134 Am. St. Rep. 306, 17 Ann. Cas. 224), in which it is said: "That upon the dissolution of a corporation, no matter how the dissolution may be effected, the corporation shall nevertheless be regarded as still existing for the purpose of settling up its affairs."

The next question is whether or not the service of the notice in the manner in which it was served was sufficient to bring the corporation within the jurisdiction of the court so as to justify and validate a judgment entered against it. Section 3531 of the Code provides: "When the action is against any corporation, service may be made on any trustee or officer thereof, or any agent employed in the general management of its business, or any of the last known or acting officers of such corporation."

2. SAME: service of notice.

It will be seen from the record in this case that E. B. Hayward was a stockholder and officer of said corporation and a member of the board of directors of the Hayward Timber Company, and the last person elected to the office of secretary, and that service was made on the company by serving the notice upon the said Hayward. We think this is a sufficient service and efficient to bring the corporation within the jurisdiction of the court, although it is claimed by defendants that this section relates to, and is only available, in case the corporation itself still exists, though dormant; but we think it is broad enough to cover and include service upon corporations, where they are alive, for the pur-

pose of meeting and discharging obligations upon which suit
is brought, and that service upon these officers, in suit upon
a claim for which, under the law, it is liable, is sufficient
service to bring the corporation into court, and therefore
that the judgment entered in favor of the plaintiff against
the Hayward Timber Company was not void for want of
jurisdiction.

But even if it were conceded (without in the least
receding from the propositions hereinbefore stated) that the

3. SAME: action judgment entered against the Hayward Tim-
upon judg-
ment: equitable ber Company was void for want of juris-
relief. diction, because the corporation had been dis-
solved, yet the suit herein is upon the same claim, evidenced
by the judgment; and in the stipulation of facts, hereinbe-
fore set out, every fact essential to plaintiff's right to re-
cover, independent of the judgment, is conceded—that is,
the contract of indemnity is admitted, the breach of the con-
tract of indemnity and the damages resulting therefrom, and
no question is made that, if the corporation had not been
dissolved, it would have been liable for all the matters which
serve as a basis for this suit, and this action is now in equity,
and the parties who are liable to the plaintiff for the dam-
ages due under the contract of indemnity are before the
court, and the court of equity, looking rather to the sub-
stance than to the form, looking rather to the end than to
the means, can administer justice between the parties upon
the record made, and it makes no difference, so far as the
rights of these defendants are concerned whether the judg-
ment against the Hayward Timber Company, in the law
action, is voidable or a nullity.

The next question is, Were the said George W. Cable
and A. Burdick liable to the plaintiff, at the time this action
was commenced, for the amount herein sued
4. SAME: liability
of officers for on, by reason of the fact that they, as stock-
corporate debts.
holders and officers of the corporation, upon
the distribution, had received and retained of said assets a

sum in excess of the sum herein claimed. Upon this point we hold that where officers and directors of a corporation divert the funds of the corporation, or pay dividends which leave insufficient funds in the hands of the corporation to meet its contractual obligations, such dividends or distributed assets, in the hands of the corporation, are subject to liability for the corporate debts, and that all officers so receiving dividends or assets are jointly and severally liable for the debts of such corporation existing at the time they received such dividends or assets of the corporation. In support of this, see Code, sections 1620, 1621. Also *Swartley v. Creamery Company*, 135 Iowa, 573, in which it is said: ''If the directors or other officers or agents of any corporation shall declare and pay any dividends, when such corporation is known by them to be insolvent, or any dividends, the payment of which would render it insolvent or which would diminish the amount of its capital stock, all directors, officers, or agents knowingly consenting thereto shall be jointly and severally liable for all the debts of said corporation then existing, but dividends made in good faith, before knowledge of the occurring of loss, shall not come within the provisions of this section.''

For a violation of this statute in the manner alleged, the alleged, the officers or agents of the corporation are made absolutely liable for the existing debts. Its manifest object is to enforce diligence and fidelity on the part of the corporate officer, and to afford a prompt and efficient remedy to creditors who have been injuriously affected thereby. In this *Swartley* case it was charged that the officers of the defendant creamery company withdrew from and took all the assets of the corporation fund and money belonging to said corporation, which payments were in the nature and character of dividends, and distributed the same among the officers and stockholders of the corporation and that such payment and distribution were made subsequent to the incurring of the obligations therein sued on; and it was in

respect to these matters so alleged the language of the court, hereinbefore set out, was used. The court in that case further said: "That by knowingly consenting to the diversion of the corporate funds so as to render the corporation insolvent, these officers became jointly and severally liable for the debts of the corporation." See, further, in support of this proposition, *Luedecke v. Des Moines Cabinet Co.*, 140 Iowa, 223, in which it is said: "It is a well-settled rule that the stockholders of a corporation cannot divide its property or assets among themselves without first paying the corporate debts." See, also, cases therein cited. It is also stated in this case that corporate creditors are entitled in equity to the payment of their debts before any distribution of corporate property is made among the stockholders, and the right of the creditor of a corporation to follow it into the hands of any one who is not a good-faith holder, in the ordinary course of business, is recognized. This case we think decisive of defendant's contention upon this point.

We see no error in the record, and the cause is *Affirmed*.