GRIMES SAVINGS BANK et al., Petitioners, v. RUSSELL JORDAN, Judge of District Court of Polk County, Respondent.

GRIMES SAVINGS BANK, Appellee, v. MAGGIE MCHARG, Appellant.

Nos. 43872, 44046.

NOVEMBER 16, 1937.

J. G. Myerly, for Grimes Savings Bank and J. G. Myerly.

J. B. Ryan, for D. W. Bates, Superintendent of Banking, Receiver.

Carl A. Burkman, for Carl A. Burkman, County Attorney, for and on behalf of Polk County.

Hiram Hunn, for Maggie McHarg et al.

STIGER, J.—On January 29, 1930, Grimes Savings Bank obtained a judgment against Maggie McHarg in a law action in the sum of $9,444.05. In December, 1930, the bank commenced a suit against Maggie McHarg and others to set aside certain conveyances of real estate made by Maggie McHarg on the ground that they were fraudulent as to creditors. J. G. Myerly intervened in the action because of his claim for services to the bank as its attorney in the law action.

On May 7, 1936, a decree was entered finding the equities with the plaintiff and setting aside the deeds.

In the decree, the court made the following finding in regard to the claim of J. G. Myerly, intervener:

"And the court further finds that on the 14th day of May, 1934, the claim of the said J. G. Myerly, intervener, for services performed as attorney for the plaintiff in the cause of the Grimes Savings Bank, Plaintiff, vs. Maggie McHarg, Defendant, being No. 29981 of law cases of this court, was duly established as a first lien on the judgment rendered in said cause by an order of this court in the receivership proceedings of the said Grimes Savings Bank, the same being Equity No. 47513 of this court, in the sum of Five Thousand Eight Hundred Ninety-One ($5,891.00) Dollars, and that such amount should draw interest at the rate of Six (6) Per Cent per annum from said date to July 4, 1935, and Five (5) Per Cent to this date, and that said claim of intervener should be a prior claim on the said judgment and should be first paid out of any funds collected on account of the said judgment. And this court further finds that there is now due and unpaid on the said attorney claim the amount of $5,891.00 with interest at 6% per annum from May 14, 1934, until July 4, 1935, and interest at 5% per annum from July 4, 1935, until paid, and that all amounts collected on account of the said judgment should be applied first toward payment of said intervener's claim."

... The real estate was declared to be subject to the lien of the judgment at law against Maggie McHarg and ordered a special execution to issue. The decree then provided:

"And it is further ordered and decreed that any sums collected on or for the payment of the said judgment, whether by sale of said real estate on execution, or otherwise, shall be first applied in payment of the claim of said intervener, J. G. Myerly, to the extent of the amount of Five Thousand Eight Hundred Ninety-One ($5891.00) Dollars with interest thereon at Six (6) Per Cent per annum from May 14, 1934, to July 4, 1935, and at Five (5) Per cent per annum from July 4, 1935, until paid."

After the payment of the Myerly claim the decree provided that the costs in the law action which had been taxed in favor of the bank should be next paid and the balance of the sums collected should be applied to the payment of creditors of the bank and the remaining funds, if any, to be paid to the stockholders of the bank.

No provision was made in the decree for payment of the costs in the equity suit.

The decree also found that the Grimes Savings Bank was insolvent on March 10, 1933, and the receivership closed and the bank dissolved September 19, 1935.

On May 13, 1936, a special execution issued in the law action for the sale of the real estate which provided that all moneys collected were to be applied as provided in the decree in equity and especially provided that the Myerly claim should first be paid.

It will be observed that the decree confirmed the judgment in the receivership that the interest of J. G. Myerly in the judgment obtained in the law action was $5,891, which interest was decreed to be a first lien on the judgment and should be first paid out of any funds collected on the judgment whether by special execution or otherwise.

On September 1, 1936, the defendants in the equity suit, Maggie McHarg and her grantees, appealed.

After the appeal to the Supreme Court was perfected, the county attorney of Polk County, Carl A. Burkman, on behalf of Polk County and as a friend of the Ninth judicial district court, filed a motion in the law action to retax costs in both the equity and law actions. The motion states that the special

execution shows court costs in the sum of $490.29, although the actual and correct amount of costs in both actions is $1,604.99. The motion then itemized the costs in both cases and alleged that the total costs should be included in the special execution and that unless "the court makes a specific order directing that all court costs be included in any or all executions applied for or issued that the court expense fund, the Ninth Judicial District and Polk County, Iowa, will suffer the loss of a large sum of money as shown by the itemized statement set out herein."

The motion prayed the court to make an order directing the clerk of the district court to include all court costs taxed in the two cases in any execution issued or that might issue and that such costs be made a part of the judgment and decree and declared to be a lien on all the property levied upon.

The costs were unusually large because there were three appeals to the Supreme Court in the law action.

J. G. Myerly filed a resistance to the motion to retax costs as owner of a portion of the judgment in the law action and as intervener in the suit to cancel the deeds, the material parts of which are as follows:

"1. Said motion is misnamed and is in no sense a motion to retax costs in either of said causes; but to change, add to and modify the judgment or decree in either or both of said causes; and this court is now without power or jurisdiction to grant or pass upon such motion or to interfere with or change such judgment or decree. That the judgment in Law No. 29981 was rendered and entered of record more than six years ago.

"2. The decree in Grimes Savings Bank, Plaintiff, John G. Myerly, Intervener, v. Maggie McHarg, et al., Defendants, was rendered and entered of record at the May, 1936, term of this court on the 7th day of May, 1936, since which the July term of this court has intervened and besides there has been an appeal from said decree to the Supreme Court of Iowa and for all of said reasons, this court is now without jurisdiction to interfere with such decree or judgment or to entertain said motion.

"3. Polk County is not a party to either of said causes and its right to the costs is only such as provided by statutes, the provisions of which the said County can only pursue.

"4. The costs in both said causes have been properly taxed

and assessed and the costs of Polk County can in no event be tacked on to plaintiff's execution nor collected thereunder.''

The trial court found that the motion should be partially sustained and overruled and ordered that the decree of the court in the equity case be modified in the following particulars:

"That the following items of Court costs be taxed against the above named defendant (Maggie McHarg) and that said Court costs be declared and established as a first lien and that any sums collected on or for the payment of said judgment or Court Decree in cases entitled Law Number 29981–60, and Equity No. 44910–83 for the payment of said judgment, whether by sale of said real estate or execution or otherwise, shall be first applied toward the payment of the Court costs and the balance of any proceeds be applied in favor of J. G. Myerly, Intervener, as follows, to-wit:''

The court then established costs in favor of Polk County Court, J. G. Myerly, the Supreme Court and Grimes Savings Bank in both cases in the total sum of $858.49 as a first lien and provided that any sums collected for the payment of the judgment should first be applied to the payment of said court costs and the balance of such sums to be applied in favor of J. G. Myerly, intervener. The order also cancelled the special execution that had issued and provided that any future execution issued by the clerk of the district court "shall recite that the court costs be first paid as above stated.''

The order overruled the motion as to all other items of costs which included witness fees of defendant and costs advanced by attorneys.

J. G. Myerly filed a petition in this court for a writ of certiorari alleging the trial court had acted without jurisdiction and illegally in sustaining the motion to retax costs. The defendants in the equity suit, Maggie McHarg et al., appealed from the ruling on the motion to retax costs. The appeal and proceedings in certiorari have been consolidated here. No brief and argument was filed by or on behalf of the respondent, Russell Jordan, Judge of the Polk County District Court in the proceedings here.

. The motion to retax costs was improperly named. A motion to retax costs can only reach errors of the clerk or officer

and its purpose is to bring the error to the attention of the court. It is not a proper remedy for the correction of errors inhering in a judgment of the court. Wenstrand v. Kiddoo, 222 Iowa 284, 268 N. W. 574.

■■■ The motion does not seek to correct errors of the clerk of the district court but attempts to secure a modification of the provisions of the decree by making Myerly's interest in the judgment and his right to be first paid out of funds collected on the judgment, all as established by the order in the receivership and as confirmed and established by the decree, inferior to the rights of certain persons entitled to costs in the two cases. The court did not, in sustaining the motion to retax the costs correct an error of the clerk of the district court, but substantially modified and changed the decree in harmony with the motion after the term in which the decree was entered and the succeeding term had ended, and after an appeal from the judgment and decree in the equity case had been perfected.

Code section 10801 reads as follows:

"10801. Amending or expunging entry. The record aforesaid is under the control of the court, and may be amended, or any entry therein expunged, at any time during the term at which it is made, or before it is signed by the judge."

Code section 10779 provides that when it is not practicable to have all the records prepared and signed during the term, they may be prepared in vacation and corrected and signed at the next succeeding term. Code section 10803 provides that entries made and signed at a previous term can be altered only to correct an evident mistake.

We may assume that the record was signed either at the term in which the decree was entered or during the succeeding term in compliance with the statutes. It appearing that the order changing and amending the decree was not made during the term it was entered, or before the record was signed by the judge, and the order not being made for the purpose of correcting an evident mistake under Code Section 10803, the trial court did not have jurisdiction to modify or disturb the provisions of the decree. State v. Crosby, 67 Iowa 352, 25 N. W. 279; Knox v. Moser, 72 Iowa 154, 33 N. W. 617; Perry v. Kaspar, 113 Iowa 268, 85 N. W. 22; Andrew v. Farmers Tr. & Sav. Bank, 206 Iowa 1368, 222 N. W. 553; Radle v. Radle, 204 Iowa 82,

214 N. W. 602; Ryan v. Phoenix Ins. Co., 204 Iowa 655, 215 N. W. 749.

Furthermore, after an appeal from a final decree in an equity action the trial court is deprived of jurisdiction over the parties and subject matter until the cause is remanded, and the trial court exceeded his jurisdiction in modifying the decree after the appeal was perfected. Levi v. Karrick, 15 Iowa 444; State v. McGraw, 191 Iowa 1090, 183 N. W. 593; Dunton v. McCook, 120 Iowa 444, 94 N. W. 942.

The appellants, Maggie McHarg et al., sought a review of the order on the motion to retax costs by appeal. They joined with the petitioner in asserting that the trial court was without jurisdiction to make an order and further contend that if the court had jurisdiction to make the order the court erred in giving a preference to certain persons entitled to costs and in excluding from the provisions of the order the costs in favor of appellants' witnesses and attorneys for advancements of costs.

Because of our holding that the court exceeded its jurisdiction in making the order, it is not necessary to consider the alleged errors of the court in making the order set out in appellants' brief and argument.

The appellants and Carl A. Burkman as county attorney, etc., each filed a motion to dismiss the proceedings in certiorari on substantially the same grounds.

The motions alleged that the Grimes Savings Bank is no longer in existence, that Mr. Myerly was not a party to the law action, nor an assignee of any part of the judgment in the law action, and therefore the proceedings in certiorari have no standing in this court.

We can not agree with movants. Though the receivership has been closed and the corporation dissolved, the creditors and stockholders of the bank have an interest in the judgment which stands in the name of the bank. The real estate involved in the equity suit was subjected to the lien of the judgment at law by the decree and provisions made for payment to the creditors and the stockholders. The corporation, though the receivership is closed and its charter dissolved, must be regarded as existing to the degree necessary to permit it to discharge its obligation and fully wind up its affairs. Wisconsin & Arkansas Lumber Co. v. Cable, 159 Iowa 81, 140 N. W. 211.

■■■ With regard to Mr. Myerly, it was adjudicated in the

receivership and the equity action that he had an interest in the judgment at law which was based on his duly perfected attorney's lien. He was an intervener in the equity suit and resisted the motion to retax costs. In the recent case of Grimes Savings Bank v. McHarg, 217 Iowa 636, 251 N. W. 51, we held that an attorney's lien when perfected operates as an equitable assignment of an interest in the judgment and that Myerly, as such assignee, had an interest in the matter in litigation in the equity action and was a proper party to the action. The motion to retax costs, though filed in the law action, was in fact a motion to modify the provisions of the decree establishing the rights of Myerly in the judgment and funds collected thereon and as to priority of costs. Myerly, as assignee, became subrogated pro tanto to the rights of the bank in the judgment at law.

Because of their interest in the matter in litigation, the contention that neither the bank nor Mr. Myerly have any standing in this court in the certiorari proceedings cannot be sustained and the motions to dismiss the proceedings are overruled.

The motion of J. G. Myerly, intervener, and Grimes Savings Bank to dismiss the appeal of Maggie McHarg et al. from the order sustaining the motion to retax costs is overruled.

For the reasons given, the writ is sustained, and on the appeal the case is reversed on the issue presented in the appeal that the court did not have jurisdiction to modify the terms and provisions of the decree and the order of the receivership.

The other issues presented by the appeal, which involve alleged errors of the court in its order on the motion to retax costs are not considered.

In the certiorari proceedings the writ is sustained. On appeal the case is reversed.

HAMILTON, C. J., and KINTZINGER, ANDERSON, and SAGER, JJ., concur.