E. Robert BEJCEK; Rick W. Berg; Samuel J. Wells; and William D. Whitsell, Plaintiffs,

v.

ALLIED LIFE FINANCIAL CORP., d/b/a Allied Insurance, a member of Nationwide Insurance; and Nationwide Insurance Co., Defendants.

No. 4–00–CV–10410.

United States District Court, S.D. Iowa, Central Division.

Jan. 10, 2001.

John D Hintze, Pioneer Hi–Bred International, Des Moines, IA, Richard G Santi, Ahlers Cooney Dorweiler Haynie Smith & Allbee, Des Moines, IA, for E Robert Bejcek, Rick W Berg, Samuel J Wells, William D Whitsell, plaintiffs.

James H Gilliam, Danielle K Dixon, Brown Winick Graves Gross, Baskerville & Schoenebaum PLC, Des Moines, IA, Michael W Thrall, Nyemaster Goode Voigts West, Hansell & O'Brien PC, Des Moines, IA, for Allied Life Financial Corporation, defendant.

Fred L. Morris, James H Gilliam, Danielle K Dixon, Brown Winick Graves Gross, Baskerville & Schoenebaum PLC, Des

Moines, IA, Michael W Thrall, Nyemaster Goode Voigts West, Hansell & O'Brien PC, Des Moines, IA, for Nationwide Mut. Ins. Co.

## OPINION, RULING GRANTING MOTION TO REMAND, AND ORDER REMANDING PETITION TO IOWA DISTRICT COURT FOR POLK COUNTY

LONGSTAFF, District Judge.

Plaintiffs filed a two-count petition against defendants in the Iowa District Court for Polk County. Defendants removed the petition to this court, pursuant to 28 U.S.C. § 1441. Plaintiffs move to remand the petition to state court, pursuant to 28 U.S.C. § 1447, arguing, among other things, that this court lacks subject-matter jurisdiction over the case.

### I. BURDEN OF PROOF

Because defendants seek removal and oppose the remand motion, they have the burden of establishing federal subject-matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir.1993). Any doubts about federal jurisdiction must resolved in favor of remand. *Id.* Because defendants did not request an evidentiary hearing, the evidence is limited to the exhibits filed with the briefs. *See id.*

### II. FEDERAL–QUESTION JURISDICTION

Defendants argue that this court has federal-question jurisdiction over count I because it seeks recovery of benefits under ERISA, 29 U.S.C. §§ 1002(3), 1132(a)(1)(B), and therefore removal was proper. Specifically, they assert that paragraph twenty of the petition seeks pension and welfare benefits that are subject to ERISA. This court understands defendants to concede that plaintiffs' request for attorneys' fees is not subject to ERISA. Thus, the initial question is whether paragraph twenty of the petition seeks recovery of pension and welfare benefits.

Paragraph twenty, which is located in the "Operative Facts" section of the petition, reads, "Plaintiffs have each asserted claims for benefits pursuant to the terms of the Key Employee Employment Protection Agreement, the Allied Life Corporation Severance Pay Plan, and the Nationwide Mutual Insurance Company Severance Pay Plan." Paragraphs twenty-one and twenty-three, which are also located in the "Operative Facts" section of the petition, read, "Allied and Nationwide have disputed and refuse to pay several of Plaintiffs' claims for benefits," and "Plaintiffs have submitted invoices to Defendants for their incurred legal expenses through June 7, 2000 in the amount of $12,707.26 in their attempts to obtain the aforementioned benefits to which they believe they are entitled." Count I of the petition, entitled "Payment of Past and Future Attorney's Fees," seeks recovery only of past and future attorneys' fees incurred in *attempting to obtain* the benefits described in paragraph twenty. It clearly does not seek recovery of those benefits.

Because count I does not seek recovery of benefits subject to ERISA, this court does not have federal-question jurisdiction over it. Count I, therefore, does not provide a basis for removal.

### II. DIVERSITY–OF–CITIZENSHIP JURISDICTION

Plaintiff Rick W. Berg and defendant Allied Life Financial Corporation ("Allied") are both citizens of Iowa. This fact destroys diversity-of-citizenship jurisdiction because there is not complete diversity between plaintiffs and defendants. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806), *overruled on other grounds by Louisville, Cincinnati, & Charleston R.R. Co. v. Letson*, 43 (2 How.) U.S. 497, 554–56, 11 L.Ed. 353 (1844). Defendants argue, however, that Allied is a nominal defendant whose citizenship is not relevant for jurisdictional purposes. In support of this argument,

they assert that Allied is the wholly-owned subsidiary of defendant Nationwide Insurance Company ("Nationwide"), that Allied is the alter ego of Nationwide[1], and that Allied no longer exists because it was dissolved.

A nominal party's "presence in the case may be ignored in determining jurisdiction," *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977), because its presence "has no controlling significance for removal purposes." *Bradley v. Md. Cas. Co.*, 382 F.2d 415, 419 (8th Cir.1967). "A defendant is a nominal party if there is no reasonable basis for predicting that it will be held liable." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir.1993)(citing 14A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3731 n. 10 (2d ed.1985)); *Moubry v. Kreb*, 58 F.Supp.2d 1041, 1046 (D.Minn.1999)(citing *Shaw*).

The fact that Allied is the wholly-owned subsidiary of Nationwide does not make it a nominal defendant.[2] The rule is that "subsidiary and parent corporations are generally considered to be separate entities for diversity jurisdiction purposes." *U.S.I. Props. Corp. v. M.D. Constr. Co., Inc.*, 860 F.2d 1, 7 (1st Cir. 1988); *see Danjaq v. Pathe Communications Corp.*, 979 F.2d 772, 775 (9th Cir. 1992); *Schwartz v. Elec. Data Sys., Inc.*, 913 F.2d 279, 283 (6th Cir.1990); *Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1142 (3d Cir.1972); 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.56[7][a] (3d ed.2000). That Nationwide exerts a high degree of control over Allied through ownership, and that the distinction between the two may be formal does not transform Allied into a nominal defendant. *U.S.I. Props.*, 860 F.2d at 7 ("[E]ven if the parent corporation exerts a high degree of control through ownership or otherwise, and even if the separateness is perhaps only formal, the subsidiary's place of business is controlling for diversity purposes if the corporate separation is real and carefully maintained") (citing *Topp v. CompAir Inc.*, 814 F.2d 830, 836 (1st Cir.1987)); *Schwartz*, 913 F.2d at 283 ("This rule applies even where the parent owns all the stock of the subsidiary and exercises close control over its operations."); *Quaker State*, 461 F.2d at 1142; 15 MOORE, *supra*, ¶ 102.56[7][a].

Defendants alter-ego argument is without merit because they do not present any evidence in support of it. *See Danjaq*, 979 F.2d at 775; 15 MOORE, *supra*, ¶ 102.56[7][b]; *cf. Freeman v. N.W. Acceptance Corp.*, 754 F.2d 553, 556–59 (5th Cir.1985). Even if there were evidence supporting the argument, it could not be applied in a case, such as this one, for the purpose of ignoring the subsidiary's place of incorporation to create federal jurisdiction. *Panalpina Welttransp. GmBh v. Geosource, Inc.*, 764 F.2d 352, 354 (5th Cir.1985) ("[T]he alter ego doctrine cannot be used to preserve diversity jurisdiction by ignoring the place of incorporation of the subsidiary and treating the subsidiary as if it were only a citizen of the state of incorporation of the dominant corporation."); 15 MOORE, *supra*, ¶ 102.56[7][b]; *see Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1153–54 (11th Cir.1985); *see also Polanco v. H.B. Fuller Co.*, 941 F.Supp. 1512, 1517–18 (D.Minn.1996). *But see also Pyramid Sec. Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114, 1120–21 (D.C.Cir. 1991).

Allied's administrative dissolution does not make it a nominal defendant either. Looking at the allegations in the removal petition, *Grinnell Mut. Reins. Co.*

---

**1.** Though defendants do not actually use the words "alter ego," this court construes their brief as making this argument.

**2.** See Patrick L. Sealey, Note, *An Alternative to Diversity Jurisdiction for Corporations: Parent–Subsidiary Corporations,* 20 J. CORP. L. 497 (1995), for a discussion of diversity-of-citizenship-jurisdiction issues in the parent-subsidiary corporation context.

*v. Shierk*, 121 F.3d 1114, 1117 (7th Cir. 1997); *Thiel v. S. Pac. Co.*, 126 F.2d 710, 712 (9th Cir.1942), diversity of citizenship must exist both at the time of the filing of the state court action and at the time of the removal petition. 15 MOORE, *supra,* ¶ 102.21[1]; *see Koenigsberger v. Richmond Silver Mining Co.*, 158 U.S. 41, 49–50, 15 S.Ct. 751, 39 L.Ed. 889 (1895) ("It is to be remembered that, generally speaking, the jurisdiction of the circuit court of the United States neither fails nor attaches by reason of a change in the citizenship of a party pending the suit, and that when that court takes jurisdiction of a suit already pending the requisite citizenship must have existed at the time of its commencement."); *Knop v. McMahan*, 872 F.2d 1132, 1138 (3d Cir.1989). Allied's dissolution occurred after the commencement of the state-court action. A defendant cannot create diversity-of-citizenship jurisdiction by its own actions when jurisdiction did not exist at the time of the filing of the state-court action. *In re Iowa Mfg. Co. of Cedar Rapids*, 747 F.2d 462, 463 (8th Cir.1984) ("If the dismissal of a defendant in state court creates complete diversity between all parties so that the case may be removed to federal court, the propriety of removal is determined according to whether the dismissal was voluntary or involuntary with respect to the plaintiff. In other words, if the plaintiff voluntarily dismisses the non-diverse defendant, the case may be removed. Removal is improper, however, if the dismissal of that resident defendant was involuntary."); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71–72 (7th Cir.1992) (concluding district court should have remanded case to state court because dismissal of nondiverse defendant was not pursuant to plaintiff's voluntary choice); *see People of California v. Keating*, 986 F.2d 346, 348 (9th Cir.1993) ("Here, this case was transformed into an action 'arising under' federal law not by the voluntary action of the plaintiff, but instead by action of a defendant. Since a voluntary act by the plaintiff has not rendered the case removable, it must remain in state court."); *see also Yarnevic v.*

*Brink's Inc.*, 102 F.3d 753, 754–55 (4th Cir.1996).

Even if dissolution occurred prior to the commencement of the action by plaintiffs, the result would be the same. Under Iowa law, an administratively-dissolved corporation retains its corporate existence for purposes of winding up and liquidating its business and affairs, which includes discharging its liabilities. IOWA CODE § 490.1421(3), .1405(1)(c). Dissolution does not prevent the commencement of a proceeding against a dissolved corporation. *Id.* § 490.1421(3), .1405(2)(e); *see Ezzone v. Riccardi*, 525 N.W.2d 388, 395 (Iowa 1994) (noting that "cancellation of a corporation does not destroy remedies available to the corporation"); *see also Chicago, R I & P R.Co. v. Howard*, 74 (7 Wall.) U.S. 392, 410 (1868); *Chicago & N.W. Ry. Co. v. Hospers Packing Co., Inc.*, 363 F.Supp. 697, 700–01 (N.D.Iowa 1973); *Wis. & Ark. Lumber Co. v. Cable*, 159 Iowa 81, 140 N.W. 211, 214–15 (Iowa 1913). The contract on which plaintiffs sue was entered into between plaintiffs and Allied, not plaintiffs and Nationwide. *See Spartech Corp. v. Opper*, 890 F.2d 949, 954 (7th Cir.1989) (finding diversity-of-citizenship jurisdiction because, among other reasons, plaintiff was a party to the contract sued upon and the alleged real party in interest was merely the subject of the contract); *cf. Zee Med. Distrib. Ass'n, Inc. v. Zee Med., Inc.*, 23 F.Supp.2d 1151, 1156 (N.D.Cal. 1998) (finding no diversity-of-citizenship jurisdiction because, among other reasons, plaintiff was not a party to the contracts that were at issue in the suit). Under Iowa law, therefore, there is a reasonable basis to predict that Allied, dissolved or not, will be held liable for the claims in the petition. *See Shaw*, 994 F.2d at 369.

Because Allied is not a nominal defendant, its citizenship counts for jurisdictional purposes. The fact that plaintiff Berg and defendant Allied are both Iowa citizens destroys diversity-of-citizenship jurisdiction because there is not complete diversity between plaintiffs and defendants.

Therefore, diversity-of-citizenship does not provide a basis for removal.

### III. RULING AND ORDER

Because this court does not have subject-matter jurisdiction over the case, defendants have not satisfied their burden of showing that removal of the petition to this court was proper. Plaintiffs' motion to remand, therefore, is **GRANTED.** It is **ORDERED** that the petition be remanded to the Iowa District Court for Polk County, pursuant to 28 U.S.C. § 1447(c).