## STOCKDALE v. JOHNSON.

1. AMENDMENT OF RECORD. The Supreme Court will not interfere with the ruling of the court on a motion to correct its own record when the transcript shows that the evidence was contradictory, and it appears that the court must have had personal knowledge of the facts in dispute.

*Appeal from Webster District Court.*

THURSDAY, DECEMBER 4.

ACTION on book account. The material facts necessary to an understanding of the issues raised in the record are stated in the opinion.

*Garaghty* and *Eastman* for the appellant.

*Duncombe* for the appellee.

LOWE, J. — At the December term, 1861, of this court, on motion of the appellee, the bill of exceptions was stricken from the record, because it appeared affirmatively that the same had been signed and filed in vacation without the consent of the appellee. At the April term of the District Court of Webster county, 1862, the appellant moved the court to supply an omission in the final record of said cause, so that it might be made to conform to the order of the court made at the September term, 1861, in this, to wit: " That by consent of parties the bill of exceptions was ordered to be prepared and signed in vacation," &c.

This motion was supported by the affidavits of Garoughty, Eastman and Beecher, who stated in substance that at the September term, 1861, the defendant's motion in arrest of judgment and for a new trial was overruled during the last hours of said term and just before the court adjourned ; that exceptions were taken thereto, and time asked to prepare the same at once ; that the court stated that he could not remain until the exceptions could be prepared ; that counsel for the defendant then proposed to the court in the presence and hearing of the counsel for plaintiff that they might draw the bill of exceptions after the adjournment of the court, and agree, if possible, with the opposite counsel, as to what the evidence was, and that if they could not agree, then he would decide between them, and sign the

bill of exceptions as corrected by himself. These affiants stated that as to this proposition, the counsel for the plaintiff did not object, and they understood them as assenting. Counter affidavits were filed by Duncombe and Stockdale, denying in very positive terms that they ever assented to any such arrangement, referring to some circumstances in confirmation of their statement.

The motion was overruled and the defendant appealed, and now insists that the court erred in overruling said motion. The facts, about which there is conflicting evidence, transpired before and in the presence of the judge below. He is supposed to have some knowledge and recollection of the facts himself. They relate to a supposed omission in his records, which are exclusively under his control and keeping. It would be manifestly improper, under the circumstances and the showing made for us, to overrule the decision, which is accordingly

Affirmed.