## FULLER & CO. v. STEBBINS ET AL.

1. **Judgment:** ENTRY NUNC PRO TUNC. Courts possess the inherent power to enter judgments *nunc pro tunc*, and lapse of time will not bar its exercise.

2. ——: ——: CODE, § 3156. Section 3156 of the Code does not apply to an application for a *nunc pro tunc* order for the entry of a judgment when the duty has been omitted by the clerk.

*Appeal from Kossuth Circuit Court.*

THURSDAY, OCTOBER 24.

PLAINTIFFS made their motion for the entry of a judgment *nunc pro tunc* upon a trial before the court, and a finding for plaintiffs, as shown by the minutes entered in the court calendar by the judge. The trial was had three years and six months before the motion was made, and the clerk neglected to enter the judgment. The defendant moved the court to strike plaintiffs' motion, on the ground that as more than one year had elapsed the court had no jurisdiction to grant the relief sought. The motion to strike was sustained. Plaintiffs appeal.

*E. B. Soper,* for appellants.

*H. S. Vaughn,* for appellee.

BECK, J.—I.  No question is raised by defendants disputing the trial of the case and judgment rendered by the court, as claimed by plaintiff.  The motion of defendant to strike has the effect of a demurrer in admitting the facts upon which plaintiffs base their claim for relief.  We are, therefore, re-quired to determine whether the court was authorized to sustain the motion upon the admitted facts that a judgment had been, three and a half years before, rendered in the case, but not recorded, through the neglect or oversight of the clerk.

Courts possess the inherent authority to enter judgments *nunc pro tunc*, and time will not bar its exercise.  The power 1. JUDGMENT: may be rightfully exercised in this case, unless it entry nunc pro tunc. be suspended by statute.  Whether there be a statute having such effect is the only subject of inquiry in this case.

II.  Defendants rely upon Code, § 3156, which limits proceedings to correct mistakes or omission of the clerk, or 2. ——: ——: irregularity in obtaining a judgment, to one year. Code, § 3156. But this section, when read and interpreted with the context, applies to the vacation or modification of judgments on account of mistake or omission of the clerk.  A preceding section (3154, p. 3) provides for the right in such a case.  Section 3156 prescribes the proceedings to secure the remedy. The consideration of these provisions leaves no doubt of the correctness of our conclusion.

In the case before us plaintiff does not ask for the vacation or modification of a judgment on account of a mistake or omission of the clerk.  He seeks the very reverse of this: the entry of a judgment which was not spread upon the record through the omission of the clerk.  The statute relied upon by defendants' counsel has no application to this case.

The judgment of the Circuit Court is

REVERSED.