THE STATE v. CROSBY.

1. **Practice:** CORRECTION OF RECORD AFTER TERM ON CONFLICTING AFFIDAVITS: DISCRETION OF TRIAL COURT. It is doubtful whether a court should correct its record, after the adjournment of the term, upon affidavits, unaided by anything in the record or in the recollection of the judge which tends to corroborate the affidavits; but a refusal in such case to make the correction sought, where the affidavits are conflicting, will not be reversed on appeal. It is doubtful, indeed, whether this court ought ever to interfere in such cases, unless there is record evidence which shows that there is a mistake in the record which justice requires should be corrected.

*Appeal from Cerro Gordo District Court.*

FRIDAY, OCTOBER 23.

The defendant filed a motion to correct the record, which was overruled, and he appeals.

*A. H. Cummings*, and *Blythe & Markley*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

SEEVERS, J.—The defendant was indicted for a nuisance. He pleaded not guilty, and afterwards, on the twenty-second day of March, 1884, the record recites "that the defendant appears by A. H. Cummings, his attorney, and is present in person, and withdraws his plea of not guilty, and now in person pleads that he is guilty of the crime of nuisance, as charged in the indictment herein;" and thereafter, on the twenty-fourth day of said month, judgment was pronounced and entered of record. At the next term, before the record of the prior term had been signed, and on November 24, 1884, the defendant moved the court to amend the record so as to show that he did not personally appear and plead guilty. In support of the motion several affidavits were filed, which, with the exception of the affidavit of the defendant, are of a negative character. The several affidavits state in substance that the defendant was not present, and did not personally plead guilty to their knowledge. The defendant testifies that he was not present, and did not so plead. There is one counter-affidavit, which shows that Mr. Cummins appeared for defendant and intimated a desire to enter a plea of guilty; "and thereupon the court remarked that the defendant must be personally present to make that plea, and that Mr. Cummings answered that he would have him come in in the course of the morning; that in a few minutes afterwards this affiant observed that said Warren Crosby was personally present in the court-room."

Under section 178 of the Code, the district court had authority to make the desired correction of the record, so as to make it conform to the facts. Before doing so the court

must have become satisfied that a mistake had been made. Conceding that under the statute the court has the power to correct its record after the term, and before it is signed, it is evident that it should not do so unless it clearly and beyond cavil appears that the correction should be made. There should be no doubt as to the existence of the mistake. Except for the purpose of correcting some mistake, the record, at least after the adjournment of the term, is an absolute verity in all courts, including the court making the record. To our minds it is doubtful whether a court should correct its record, after the adjournment of the term, upon affidavits, unaided by anything in the record or within the recollection of the judge which tends to corroborate the fact stated in the affidavits. It is evident, therefore, if the court below, upon motion, after the adjournment of the term at which the record is made, refuses to correct it upon parol evidence only, we should not interfere, for many reasons which might be stated; but one is sufficient, and that is, as the court has found that no mistake was made, we cannot, under the evidence in this case, say that the court in this respect erred. Indeed, we incline to think that the conclusion of the court below in a case of this character should be regarded as conclusive on this court, unless, possibly, there is record evidence which supports the claim that there is a mistake in the record which justice requires should be corrected.

AFFIRMED.