PETER GREAZEL, Appellant, v. M. F. PRICE ET AL., Appellees.

**Judgment entry:** CORRECTION OF RECORD. A judgment is not appealable until a record entry of the same is made by the Clerk; and if the date of its record is the same as that on which the entry was signed by the court, when in fact it was recorded on a later date, the court should correct the record on motion of either party when made as required by statute.

**Same:** APPEAL: DISPOSITION OF CAUSE. Where the trial court erroneously refused to correct the date of the judgment appealed from, and counsel do not insist that final determination of the case on appeal shall await such correction, the court will treat the same as having been made and dispose of the appeal on its merits.

**Sales:** BREACH OF WARRANTY: EVIDENCE. The evidence in an action to recover on a contract for installing a heating plant is reviewed and it is held that plaintiff failed to fulfill his warranty that the same would give satisfaction, or to remedy the defect within a reasonable time.

*Appeal from Johnson District Court.*— HON. O. A. BYINGTON, Judge.

WEDNESDAY, JULY 3, 1907.

ACTION in equity to foreclose a mechanic's lien. The trial resulted in a judgment in favor of defendants. Subsequent to the entry of the judgment plaintiff presented a

motion to correct the record entry, and this motion was over-
ruled. Plaintiff appeals from the judgment and from the
ruling on the motion to correct.— *Affirmed*.

*A. E. Maine,* for appellant.

*John J. Ney,* for appellees.

BISHOP, J.— I.  The judgment was entered on the
records of the court below as of date June 12, 1905. The
importance of the motion to correct, and the ruling thereon,

1. JUDGMENT
   ENTRY:
   correction
   of record.

becomes manifest when it is considered that
the appeal from the judgment was not taken
until January 10, 1906, being more than six
months as allowed by law for taking an appeal. Of course,
if the appeal from the judgment was not timely, it is an end
of the case, and a motion filed in this court by appellee to
dismiss should be sustained. We shall therefore first con-
sider the question arising out of the ruling on the motion to
correct. Such motion was filed December 15, 1905, and
the gist thereof is that the recital in the record as to the date
of the judgment was an error; that, in fact, the judgment
was not entered until after July 8, 1905; the exact date
being to the mover unknown. And the demand of the
motion was that the true date be ascertained, and the
record corrected accordingly. Notice of this motion was
given to defendants, and they appeared in response thereto.
On the hearing, it was made to appear that on June 12, 1905,
a form of judgment signed by the trial judge was handed to
the clerk, and by him marked, "Filed." He then placed
the paper in a pigeon hole in his office, where it remained un-
til July 14, 1905, when an assistant in his office took the
same and spread the contents thereof at length on the judg-
ment record book, the date indorsed thereon, June 12, 1905,
included. Now, in law, there was no judgment which could
be enforced, or from which an appeal could be taken, until

the form approved by the judge had been actually spread upon the court records by the clerk. *Stutsman v. Sharpless,* 125 Iowa, 335; *Callahan v. Votruba,* 104 Iowa, 672; *King v. Dickson,* 114 Iowa, 160; *Martin v. Martin,* 125 Iowa, 73.

The question is, then: Was an order correcting the record entry as to the date on which the judgment was rendered proper to be made on the motion as filed by plaintiff? Counsel for appellee says such an order was not warranted, and this for two reasons: First, the judgment was a verity and could not be attacked in the way proposed; second, the motion came too late. There is no merit in either position. Of course, the recitals of a judgment, valid on jurisdictional grounds, cannot be attacked collaterally, either as to the record date thereof or otherwise. So, too, on appeal from a judgment the date thereof as shown by the record must be accepted as a verity until corrected by proper proceedings. *Holmes v. Budd,* 11 Iowa, 190; *Mornyer v. Cooper,* 35 Iowa, 260; *Buck v. Holt,* 74 Iowa, 294. But, as there is no appealable judgment until an entry thereof is made of record, either party is entitled to have the record show the true date of entry. And a failure on the part of the clerk to so enter the judgment would be error. If the rule were otherwise, the clerk, or the successful party, by accident or design, might effectually prevent an appeal. It is quite usual in practice for the successful party to prepare a form of entry, and procure the signature of the judge thereto. If, now, such entry should be withheld from record for six months, and judgment then be entered as of date when the form was approved and signed, the result would be to cut off the right of appeal entirely.

Having reached a conclusion for error, the question then is: Does the law afford a remedy for its correction? We need go no farther than the statute to find authority for proceeding as did the present plaintiff. By Code section 4091, the District Court may after the term at which a judgment was rendered proceed to vacate or modify such

judgment to the end that a mistake or omission of the clerk may be corrected, and by section 4093 this is to be done on motion, served on the adverse party, and within one year. Counsel for appellee does not refer to these provisions of statute, but insists that the right to have correction of a judgment entry is limited to a proceeding under Code, section 244, which provides that "entries made and signed at a previous term can be altered only to correct an evident mistake." And, further, as counsel says, such proceeding must be taken not later than the next term after judgment. In disposing of this contention, it is sufficient to say that the section thus referred to was evidently intended to authorize corrections where an evident mistake in respect of the substantive rights of the parties had been made. But, if it could be said fairly that the section was intended to govern in cases of mistake by the clerk, for instance, in giving proper date to the entry of a judgment, as in this case, it remains to be said that the authority to correct is not limited to the next succeeding term. The statute says "at a previous term," and not "the previous term." See, also, *Goldsmith v. Clausen,* 14 Iowa, 278. We conclude that, there being no dispute as to the facts, the court below was in error in refusing correction of the judgment entry. And from this it follows that the motion made in this court to dismiss the appeal from the judgment should be overruled.

II.  It is probable that, according to strict rule, we might be required to await a correction of the record before proceeding to dispose of the appeal from the judgment. But

2. SAME: appeal: disposition of cause.

we do not understand counsel to insist upon this. The case has been fully argued on its merits, and, under the circumstances, we feel warranted in proceeding as though the correction had been made. And, as the questions involved are all of fact, we shall dispose of it in brief.

The case is one to recover, among other things, the contract price of a heating plant put into the residence of de-

fendant by plaintiff.    The defense interposed was that under
the contract — which was oral — the plant
when installed was to "perfectly and satis-
factorily heat the house at all times and in all
changes of temperature incident to this climate"; that the
plant put in by plaintiff failed to meet such contract require-
ment.    We have read the evidence with care, and conclude
that the finding of the court below to the effect that the con-
tract was as pleaded by defendant, and that there had been
a substantial breach of such contract, was warranted.    It is
certain that the plant did not respond to the efforts of de-
fendant — conforming to the directions of plaintiff — to
make it heat the house to a degree reasonably required for
comfort.    It is not very clear what the difficulty was, but
it was for plaintiff to discover and remedy, whatever it was,
and we think defendant gave him reasonable oppportunity
to do so before discarding the plant.    The judgment dis-
missed the petition of plaintiff as far as therein recovery was
sought on the heating plant contract, and with costs.    It fol-
lows from what we have said that such judgment should be
and it is affirmed.    Of the costs in this court there shall be
taxed to the appellee the cost of twenty-six pages of his own
printing, and the cost of sixteen pages of appellant's print-
ing, all other costs to be taxed to appellant.— *Affirmed.*

3. SALES: breach
   of warranty:
   evidence.