THE NATIONAL LOAN & INVESTMENT CO., Appellee, v. O. A. BLEASDALE, Appellant.

Trial: NECESSITY FOR TRIAL NOTICE. Where a cause has been reversed
1   and remanded by the supreme court for further proceedings, the statute requiring the filing of trial notice before either party can bring the case on for trial, except where the parties otherwise agree, applies.

Actions: DISMISSAL BY MISTAKE: RE-INSTATEMENT. Where a trial
2   notice was not filed in a cause requiring such notice to bring it on for trial or disposition, but the court, laboring under the misapprehension that an order had been entered requiring its prosecution, dismissal of the action for want of prosecution was made under such a mistake or misapprehension of the facts as to authorize the court, at a subsequent term, to set the order aside and to reinstate the case.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

TUESDAY, MAY 13, 1913.

. ACTION to set aside a judgment of dismissal on the ground of mistake in entering the same. Defendant appeals.— *Affirmed.*

*F. L. Anderson* and *C. W. Kepler & Son,* for appellant.

*Voris & Haas,* for appellee.

PER CURIAM.—It appears from the record in this cause: That on the 6th day of October, 1906, the plaintiff filed his petition in the district court of Linn county, wherein he claimed of the defendant the sum of $361.50 on account of certain rentals said to be due from the defendant to the plaintiff. That in said cause, and on the 7th day of February, 1907, the defendant filed an answer denying plaintiff's claim, and by way of counterclaim asked the sum of $451.05 from the plaintiff on certain items of account. Upon the issues tendered the case was tried and judgment entered for the defendant upon his counterclaim in the amount of $144.30. From the judgment so entered, appeal was taken to the Supreme Court, and said cause reversed and remanded for further proceedings. On the 26th day of November, 1909, a *procedendo* was issued from the Supreme Court, and filed in the district court. The cause remained in *statu quo* until the January term, 1910, when on the 4th day of March, 1910, being the regular January term, the cause was dismissed by the court on its own motion for want of prosecution, and cost taxed to the plaintiff. That on the 21st day of October, 1910, during the September term of said court, the court's attention having been called to the dismissal made on March 4, 1910, the order of dismissal was set aside as having been entered by mistake; said order setting aside the entry of March 4th being made on the request of the plaintiff's attorneys without notice to the defendant. That on the 18th day of January, 1911, the plaintiff served written notice on the defendant, advising him of the order of dismissal made on March 4, 1910, and that the said order had been set aside and the cause reinstated. That Hon. Milo P. Smith, Judge, presided at the term of court when the order of dismissal was made on March 4th, and was also presiding at the time the order of dismissal was set aside on October 21, 1910. That on April 24, 1911, the district court, Hon. F. O. Ellison presiding, rendered judgment in favor of the plaintiff and against the defendant for $361.50 and costs; no appearance having been made by the defendant.

That on the 2d day of June, 1911, the said judge on his own motion set the judgment so entered aside. That on June 19, 1911, the plaintiff herein filed in said cause a written motion to correct the record as follows: "Comes now the plaintiff, and moves the court to set aside the entry herein made on June 2, 1911, and subject to said motion, and, in the event the same is overruled, the plaintiff moves the court to set aside the entry made under date March 4, 1910." Upon the motion so made and on July 7, 1911, a trial was had before the court, both plaintiff and defendant appearing by their attorneys, and on said hearing the following evidence was introduced:

D. E. Voris testified on behalf of plaintiff in support of the motion as follows:

I am one of the attorneys for the plaintiff. On October 21, 1910, I learned for the first time that this cause had been dismissed on March 4, 1910. I consulted the records, and discovered that there was no order made at any previous term, that the case would be dismissed, if not noted for trial, at the January term, and I called Judge Smith's attention to such fact, and on October 21,1910, Judge Smith entered the order reinstating the case, and he then advised me that the order of dismissal had been made through a misapprehension of the record. As soon as I learned that the case had been dismissed under date of March 4th, I consulted the record of the prior term, and found there was no order of dismissal if trial notice was not served. I then caused the clerk to docket the case in the judge's calendar, and carried the calendar, together with the one wherein the entry dismissing the case had been made, and also the calendar for the preceding term, to Judge Smith in the north courtroom, and called his attention to the fact that he, as judge of the court, had dismissed the case upon an evident misapprehension of the former record in that there was no previous order for dismissal, and that the case had been dismissed without any notice to us. He asked for the former court calendar; and examined it, and thereupon, the same day, October 21, 1910, he made the entry setting aside the order of dismissal, and he advised me that the order of dismissal had been made by him either through oversight or misapprehension of the record.

C. J. Haas testified to practically the same as Voris.

Hon. Milo P. Smith testified as follows:

I was the judge presiding at the time the case of National Loan & Investment Co. v. Bleasdale was first tried in this court. I made the entry about March 4, 1910, in the court calendar dismissing the case. I haven't a distinct recollection of making the entry, as I made probably thirty or forty such entries at the time, but the entry is in my handwriting, so I know that I made it. It has been the practice here, in cases that have been on the docket for some time, to make an order that if the case is not tried, or trial notice filed, the cause is to be dismissed, and I had made at the preceding November term a number of peremptory orders of that character, and toward the close of the January term, which ran into March, I ran over the docket to ascertain whether or not the cases had been tried that I had warned should be tried, and to make entries of dismissal. In this case, on the assumption that I had at the November term made the order that, if it was not tried at the January term, it should be dismissed, I made the entry of dismissal on March 4th. The next my attention was called to the matter was on the 21st day of October following, during the September term, when I had charge of the equity division of the court in the north courtroom. My attention was called to the matter by Mr. Voris, who brought me the January docket and showed me my entry and he also brought the November docket and I discovered that I had not made a previous peremptory order in that case, or warning as we usually call it. I then saw that I had dismissed the case improperly, and should not have dismissed it without having made a previous order. I based the dismissal on the assumption that I had made an order at the November term that, if it was not tried at the January term, it would be dismissed, and I dismissed it. I found that I was mistaken, that such was not the case, and I thereupon made the entry of October 21st, stating the fact that the order made on March 4th dismissing the case was made under the mistaken belief that I had made a preliminary order for trial, or the case to be dismissed. The entry made on March 4th was made by mistake and error upon my part alone, and I recited in the order that I made in October, ''The order of dismissal and judgment entered in this case March

4, 1910, having been entered by mistake, is hereby set aside, and the clerk is directed to redocket the case.''

Upon the submission of said motion, the court made the following order on November 9, 1911: ''The plaintiff's motion to correct the record is overruled as to the portion asking to have the entry of June 2, 1911, set aside, and is sustained as to that portion asking that the entry of March 4, 1910, dismissing the case be set aside, and the entry of March 4, 1910, is hereby canceled and set aside and held for naught, and the case is reinstated on the docket.   The defendant excepts.''

From the judgment and order so entered, the defendant appeals, and urges that the court was without jurisdiction at the time this order was made to entertain the motion; that the court was without jurisdiction to set aside the judgment of March 4, 1910; that the mistake in entering the said judgment of dismissal was not a mistake of fact, but a mistake of law; that there is no authority in law authorizing a court upon the motion of either party, made after the term at which the judgment was entered, to set aside the judgment so entered on account of a mistake of law; and that there is no power in the court to vacate a judgment of dismissal and reinstate a cause, once finally disposed of, where the motion to vacate and set aside was made or filed after the term at which the judgment was entered.

It appears from the record in this cause that upon the reversal of the cause in the Supreme Court a *procedendo* was issued, and filed in the district court, in which the cause had been commenced on the 26th day of November, 1909, and the cause was then on the docket of the district court for retrial upon its merits.   It appears: That it had been the custom of that court to enter upon the docket of the court an order for dismissal of all cases that were pending and undisposed of, and which had been on the docket for trial for a certain length of time, in all cases in which a trial notice had not been filed; that at the January term following the filing of the *procedendo*

there were a number of cases on the calendar which had been pending for some time, and the court dismissed this case on the theory and understanding on his part that he had made, at the previous term, an order for the dismissal; that at the January term, which ran into March, he ran over the docket to ascertain whether or not the cases had been tried that he had warned should be tried, and he made entry of dismissal of such cases; that he made the dismissal in this case on March 4th, on assumption and belief that he had at the previous term made an order that if the case was not tried at the January term it should be dismissed. It does not appear from the record when the January term opened. It does not appear when this case was put upon the trial calendar for that term. It does appear that the *procedendo* was not filed until the 26th day of November. It does appear that no previous peremptory order was made in this case, and no warning given to the plaintiff, as was usual, that his case would be dismissed at the January term if not noticed for trial or tried at that term. It does appear that the plaintiffs were not notified in any way, or warned that the case would be dismissed if not brought on for trial at the January term. It appears that the case had been a long time at issue, and had been continued many times. It appears that no trial notice was served by either party calling for trial at the January term.

There having been no order previously entered by the court requiring the disposition of this cause, and causes generally, to be made at the January term, and there having been no trial notice filed by either party, and no warning given to either party that the cause would be called for trial, and it appearing that the cause was never assigned for trial by the court at any time, and it not appearing that it was called in its regular order upon the calendar, it would seem like very arbitrary conduct on the part of the court and extremely inequitable of the court to dismiss the cause under such circumstances. But in this case it appears that the court was laboring under the belief that an order had been previously

made and entered of record, requiring trial notice in this case, or a trial of the issues in the case, at the January term, and, if not done, that the case would be dismissed for want of prosecution, so it presents a different aspect, and is relieved of the harshness and arrogance that otherwise would be involved in the court's action.

Sections 3658 of the Code provides: "In any case once continued, where an answer is on file, either party desiring to bring such cause on for trial at any term shall, at least ten days before such term, file with the clerk

1. TRIAL: neces-
.sity for trial
notice.

a notice of trial, and no such cause shall stand for trial unless a trial notice be so filed, except by consent of [both] parties." As stated before, no trial notice was filed, as required by this section. It was a case in which a trial notice was necessary in order to bring it on for trial.

No trial notice having been filed, the cause did not stand for trial at the January term, as neither party had consented thereto. The court was under a misapprehension, as it appears from the record, that the case was for dispo-

2. ACTIONS: dis-
missal by mis-
take: re-in-
statement.

sition, and laboring under this misapprehension, made the record complained of, and it would not have made such record if it had not been for such misapprehension of the condition of the record in the cause at the time. In *Hurley v. Dubuque Gas, Light & Coal Co.,* 8 Iowa, 274, Judge Wright, speaking for the court, said: "Without examining the authorities cited by counsel for the respective parties, upon the general question of the power of the court to amend or correct its record, after the adjournment of the term at which they are made, it is sufficient for the purposes of the present case to say that the Code provides 'that entries made, approved and signed at a previous term, may be altered only to correct an evident mistake.' The only question is whether the court below in directing this amendment exceeded the power conferred by this section. . . . We decide the case more upon its own cir-

cumstances than upon general principle.'' Section 244 of the Code of 1897 provides: ''Entries made and signed at a previous term cannot be altered only to correct an evident mistake.'' Mistake, in a legal sense, is the doing of an act under an erroneous conviction, which act, but for such conviction, would not have been done. It is an erroneous mental condition, conception, or conviction induced by a misapprehension or misunderstanding of the truth, without which the act complained of would not have taken place.

The parties to this action had a right to rely upon the method of procedure adopted by the court; and, if in the administration of justice they did not appear to protect their rights in the court, it was because of the fact that no case could be called for trial, or tried, where it had been once continued, after issue, without a trial notice, except in cases where the court at a previous term had made and entered of record an order requiring such appearance and trial. The court in the due administration of justice is expected to conform itself to the rules established for procedure, and upon which counsel has a right to rely. It is the purpose of courts to conform themselves to such procedure, and not to depart therefrom, and the departure in this case was a clear mistake or misapprehension of the court as to the condition of the record. As bearing somewhat upon the case, we call attention to *Fogarty v. Battles,* 145 Iowa, 61; *O'Mara v. Newton Ry. Co.,* 156 Iowa, 701.

The ruling in this case did not affect any of the substantial rights of either party. Neither party by the ruling loses any right secured to him, or that he either asked for, or was entitled to. There is no appeal from the action of the court of June 2d, setting aside the judgment entered in favor of the plaintiff.

Upon the whole record, we think the case ought to be, and is, *Affirmed.*