J. L. BROOKS, Executor, Appellee, v. W. H. OWEN et al., Appellants.

**JUDGMENT: Amount—Judgment Docket As Evidence.** The judgment (or combination) docket is admissible on the issue as to the amount of an intended judgment which had inadvertently not been recorded as to the amount.

**JUDGMENT: Nunc Pro Tunc Entry—Effect.** The entry of a judgment *nunc pro tunc* validates an execution issued prior to such entry.

**ASSOCIATIONS: Estoppel to Deny Capacity—Evidence.** Pleadings and judgments in prior actions against an unincorporated concern are admissible on the issue whether such concern is estopped to deny its capacity to be sued because of having held itself out as having such capacity.

**ASSOCIATIONS: Noncapacity To Be Sued—Waiver.** A voluntary unincorporated association may not, *after judgment against it,* plead its incapacity to be sued.

Headnote 1: 34 C. J. p. 248. Headnote 2: 23 C. J. p. 321. Headnote 3: 5 C. J. p. 1373 (Anno.) Headnote 4: 5 C. J. p. 1373 (Anno.); 14 C. J. p. 248.

*Appeal from Wayne District Court.*—HOMER A. FULLER, Judge.

MARCH 10, 1925.

REHEARING DENIED DECEMBER 15, 1925.

PROCEEDINGS in garnishment upon execution. The opinion states the facts. From judgments against the garnishees, the latter and certain interveners appeal.—*Affirmed.*

*H. B. Bracewell* and *C. H. Elgin,* for appellants.

*Poston & Murrow* and *C. W. Steele,* for appellee.

VERMILION, J.—This controversy arises out of the effort to collect a judgment purporting to be against certain lodges of the Masonic Order at Seymour, known as Myrtle Lodge No. 355 and Cryptic Chapter No. 34, by the garnishment of supposed debtors to the judgment defendants. The trustees of the lodges intervened, and they and the garnishees appealed from the judgments against the latter for the various amounts shown by the answers of the garnishees to be owed by them, or in their hands belonging to the judgment defendants.

The principal question raised by the garnishees and interveners relates to the validity of the original judgment, and the capacity of the judgment defendants to be sued. The answer of plaintiff to the petitions of intervention alleged that the judgment defendants were de-facto corporations, and that they had held themselves out to be legal entities, capable of being sued, and had suffered the judgment to be obtained against them, and that they had appeared in court and carried on litigation as legal entities, and that the interveners were estopped to deny their capacity to be sued, or the validity of plaintiff's judgment.

It appears to have been discovered on the trial that, in the entry of the original judgment upon the court records, the amount of the judgment was not stated, and that a blank in the record for the amount was not filled. There-

1. JUDGMENT: amount: judgment docket as evidence.

upon the plaintiff moved for an order for the clerk to enter *nunc pro tunc* the amount of the judgment in the judgment entry. This was granted. The amount of the judgment was shown on the appearance or judgment docket, and this was introduced in evidence, over appellants' objection; and the ruling is assigned as error. We think the entry in the appearance docket was admissible, if for no other purpose, to establish, upon the motion for the *nunc pro*

*tunc* order, the amount for which the judgment was originally intended by the court to be rendered. *Fowler v. Doyle,* 16 Iowa 535; *Giddings v. Giddings,* 70 Iowa 486; *Redhead, Norton, Lathrop & Co. v. Baker,* 86 Iowa 251; *Risser & Reitz v. Martin & Phillips,* 86 Iowa 392. Moreover, with the judgment entry so corrected in evidence, no possible prejudice resulted from the admission of the entry in the appearance or judgment docket.

Error is assigned on the admission in evidence of the execution, for the reason that there was no legal entry of judgment until the entry of the *nunc pro tunc* order. Upon the entry of

2. JUDGMENT: *nunc pro tunc* entry: effect.

that order, the judgment was the same between the parties as if originally so entered; and the order operated to validate the execution that had theretofore been issued. *Doughty v. Meek,* 105 Iowa 16; *Mahaska County v. Bennett,* 150 Iowa 216.

It is contended that there was error in admitting in evidence the pleadings and judgments in certain other actions against the judgment defendants. These proceedings were all

3. ASSOCIATIONS: estoppel to deny capacity: evidence.

prior to the date of the plaintiff's judgment. We think they were admissible upon the plaintiff's plea that the judgment defendants held themselves out as having the capacity to be sued. They had not only permitted judgment by default to be taken against them, but in one case had appeared and answered, proceeded to trial, and prosecuted an appeal, without raising any question of their capacity to be sued. But, in any event, the admission of this evidence was without prejudice, in the view we take of the case.

Further assignments of error question the validity of the original judgment, and therefore the correctness of the judgment in the present proceedings, on the ground that the judg-

4. ASSOCIATIONS: noncapacity to be sued: waiver.

ment defendants were unincorporated voluntary associations, and incapable of being sued; and that no estoppel was established.

The lodges had acquired and held real estate in the names by which they had been sued, and had erected a three-story building on the property. The first floor of the building was rented for commercial uses; the second floor was rented to a Community Club, and used for various purposes; and only the

third floor was used by the lodges. The notes upon which the judgment was obtained were given for money borrowed to aid in the construction of the building, and were signed by certain individuals as trustees of the lodges. In the action on the notes, the individuals appeared and answered, admitting that they were the trustees of Myrtle Lodge, and pleaded that it was only in that capacity that they signed the notes for and on behalf of the lodge, and that the notes were the obligation of the lodge, and that this was known to the payees of the notes at the time. Although so appearing and pleading for themselves, they made no appearance or defense for the lodge of which they were the trustees, and permitted judgment to be taken against it. The notes were executed in 1907, and the judgment was rendered in 1919; and it was not until 1923, after efforts to collect the judgment by garnishing the tenants of the building owned by the lodges, that the claim was first advanced that they lacked the legal capacity to be sued, and that for that reason the judgment was void. The objection comes too late. The question could, in a proper manner, have been raised in the original action; but even then it must have been done before judgment. *Andre v. Chicago & N. W. R. Co.,* 30 Iowa 107; *Calnan Const. Co. v. Brown,* 110 Iowa 37; *Stokes v. Gollmar Bros.,* 163 Iowa 530; *Schulz Co. v. Griffith,* 182 Iowa 650.

We are not called upon to determine the actual capacity of the judgment defendants; or whether they had, in fact, capacity to be sued as de-facto corporations, or as partnerships carrying on the business of owning property which they rented; or whether they were estopped, under Section 1636, Code of 1897 (Section 8401, Code of 1924), to deny their corporate capacity. It is sufficient to say that they cannot now, after judgment, under the circumstances shown in the record, raise the question of their capacity to be sued; that they are estopped by their conduct.

We are of the opinion that the court properly entered judgment against the garnishees; and the judgment is, accordingly,— *Affirmed.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.