Ernest Murnan, Appellee, v. John Schuldt, Appellant.

No. 43150.

February 20, 1936.

Crary & Crary, for appellant.

W. A. Dutton, for appellee.

Anderson, J.—This is an appeal from a *nunc pro tunc* order correcting the amount of a judgment. We are not favored either with an appearance or a brief and argument on the part of the appellee. It would seem that the case is of enough importance to warrant us in saying that this neglect is inexcusable.

It appears from the record that the plaintiff-appellee brought an action, aided by landlord's attachment, for rent upon two promissory notes for $540 and $900, respectively; that on November 16, 1932, the matter came on before the lower court for trial, and the following entry was made in the court calendar: "Case called for trial. Evidence. Judgment in favor of the plaintiff and against the defendant upon two notes in the sum of $1,440.00, with interest at 8% from February 1, 1932, attorney's fees and costs." It further appears that there were two sets of notes all dated January 11, 1930, and two of them, one for $540 and one for $900, were given for rent for 1931, and

the other two in the same amounts were given for the rent of 1932; that the two latter notes never became due, for the reason that the defendant gave up the farm and the lease was abandoned for the second year. After the entry in the judge's calendar, as we have above quoted, the appellee's attorney surrendered to the clerk of the court the two $540 notes instead of one for $540 and one for $900; and that the clerk, ignoring, apparently, the court's calendar entry, computed the amount due upon the two notes surrendered and entered judgment on the judgment docket in the sum of $1,080 instead of $1,440. Later, and on January 25, 1933, a payment was made upon the judgment by the defendant of $452.67, which was receipted for by the attorney for the plaintiff-appellee, but not credited upon the judgment docket. Later an execution was issued upon the judgment, and a motion was made by the defendant to quash the execution. The plaintiff then filed a motion to correct by *nunc pro tunc* order the error of the clerk entering the judgment. The application for the order *nunc pro tunc* recites the facts above detailed, and further states that the erroneous amount of the judgment as entered by the clerk was clearly through the error and mistake of the clerk, and that the plaintiff had no knowledge of such error until November, 1934, at which time he filed the application for the order *nunc pro tunc*. The application was resisted by the defendant, and the grounds for such resistance were: That the court had no legal jurisdiction to grant the relief asked by plaintiff; that the application was filed too late; that the application shows that there was no error committed by the clerk, but that the error, if any, was committed by the plaintiff or his attorney, and that the plaintiff is asking for relief from his own negligence and laches; that more than two years had elapsed between the entry of the judgment and the filing of the application for the *nunc pro tunc* order.

On the hearing of the issues presented by the application for the *nunc pro tunc* order and the resistance thereto, the plaintiff offered in evidence the judge's calendar showing the entry we have above quoted, together with the district court record and the judgment docket showing the entry of the erroneous judgment. Plaintiff also tendered for cancellation all of the notes and lease held by the plaintiff. The defendant offered certain pages of the district court record, which included the entry of the erroneous judgment and an approval of the record by one of the

judges of the district court. The defendant also offered the files in the original case, including plaintiff's petition, which shows that the original action was upon two promissory notes for rent for $540 and $900, respectively, and that judgment was asked in the sum of of $1,440 upon said two notes. The defendant's evidence further shows that in a separate suit judgment was entered against the plaintiff herein in favor of the defendant herein for $1,100 and costs on the 27th day of November, 1934, and the defendant contends that this later judgment should be considered in law as an offset to the plaintiff's judgment, and that, together with the payment upon plaintiff's judgment of $452.53, the balance of plaintiff's judgment was extinguished.

The issues presented by the application for the *nunc pro tunc* order and the resistance thereto were submitted to the same judge who entered the original judgment, and in passing upon the issues presented by the application for *nunc pro tunc* order the court found that plaintiff was entitled to judgment against the defendant in the sum of $1,440, and that such judgment was entered upon the court calendar, but by some error the clerk entered judgment for $1,080 only, and the court further found that plaintiff was entitled to have the judgment corrected by entry *nunc pro tunc*, and so ordered. From this ruling the defendant has appealed.

The appellant contends appellee's rights are controlled by sections 11550, 12787, 12790, and 12791 of the Code.

Section 11550 simply contains an enumeration of the grounds for a new trial, and subdivision 5 thereof provides that a judgment may be vacated and a new trial granted for "error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract or for the injury or detention of property."

Section 12787 provides that the district court may, after the term at which a judgment was rendered, vacate or modify the same "for mistake, neglect, or omission of the clerk, or irregularity in obtaining the same."

Section 12790 provides that no petition shall be filed for the vacation or modification of a judgment or for a new trial after one year from the rendition of final judgment.

Section 12791 provides that proceedings to correct mistakes or omissions of the clerk * * * shall be by motion served and filed within one year.

Section 10803 provides: "Entries made and signed at a previous term can be altered only to correct an evident mistake."

Appellant contends that the last-quoted section cannot apply unless the application for the correction of an evident mistake is filed as provided in sections 11550, 12787, 12790, and 12791; but we are dealing with a matter which clearly is not included in the last-mentioned sections and is included in section 10803. We must not lose sight of the fact that the purpose of a *nunc pro tunc* entry is to supply or correct a record to make it conform to that which was actually done at an earlier date, and that as between the parties it operates to validate or correct the original judgment. It relates back to the original date, and, when entered, is as effectual as though entered of record as originally announced. The purpose of the entry of such an order is to effectuate justice. We have held that, where an execution was issued on a judgment that had been announced, but not made of record, it was validated by the entering of a judgment under a later order *nunc pro tunc*. Doughty v. Meek, 105 Iowa 16, 74 N. W. 744, 67 Am. St. Rep. 282; Mahaska County v. Bennett, 150 Iowa 216, 129 N. W. 838; Brooks v. Owen, 200 Iowa 1151, 202 N. W. 505.

In Shelley v. Smith, 50 Iowa 543, we had a construction of the statutes involved under consideration, and we used the following language:

"The fact of the mistake is abundantly apparent, but it is insisted by the appellant that it is too late to correct it. The judgment was rendered in 1869, and the motion (for correction by nunc pro tunc order) was made about nine years afterward. The appellant relies upon section 3156 [now section 12791] of the Code, which provides that 'the proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment, shall be by motion and within one year.' In our opinion the section is not applicable." In the cited case the clerk erroneously entered a judgment against a defendant against whom no personal judgment was asked in the petition.

In Mahaska County v. Bennett, 150 Iowa 216, 218, 129 N. W. 838, 839, we had the same questions under consideration as we have in the case at bar. In the Bennett case the motion for a *nunc pro tunc* order was filed six years after the entry of the judgment. After a special execution had been issued and sale

had thereunder, it was discovered that no judgment or decree had been entered of record in the foreclosure proceeding, and a motion for a *nunc pro tunc* order was sustained by the court directing that the judgment be entered and spread upon the records as of the date that it appeared, from the minutes on the judge's calendar and other indices in the clerk's office, judgment and decree was ordered by the court. The minutes in the judgment calendar recited: "Default of all defendant's judgment on note, foreclosure of mortgage, attorney's fees, clerk assess (see decree)." A decree signed by the trial judge was never recorded. In that case we said: "Though the minutes in the judge's calendar form no part of the record, they are receivable in evidence in the absence of a record as tending to show the judgment actually rendered. * * * The evidence was ample to justify the entry of the decree *nunc pro tunc*. And the time within which such entry may be made is not limited save by laches. * * * 'The object and effect of such order is to furnish proper evidence of acts properly done by the court, but not properly exhibited by its record, and such evidence is furnished *nunc pro tunc*, for the very purpose of supporting those acts which, though the proper consequence of a judgment, would seem to be irregular and void, because there is no proper evidence of the judgment. If the judgment be in fact rendered by the court, but not at the time regularly and fully entered, a fieri facias in pursuance of the judgment is not void, but voidable only, and capable of complete validation, by afterwards making a proper entry of the judgment on the record, showing when it in fact was rendered, and entering it now for then.' * * * The design in ordering an entry *nunc pro tunc* is to effectuate justice, and as between the parties such an entry has a retrospective operation so as to support intermediate proceedings conformable with the judgment already rendered and these become as binding on the parties as though the judgment had been previously entered of record."

In Arnd v. Poston, 199 Iowa 931, 933, 203 N. W. 260, 261, there was no entry upon the court's calendar, but the court dictated to the official shorthand reporter a ruling ordering judgment in favor of the plaintiff and against the defendant, but no such judgment was spread upon the court records. Later a motion for an order *nunc pro tunc* to enter judgment was filed, which was overruled by the court on the mistaken theory that,

if it were sustained, it would prevent an appeal from the prior proceedings. In disposing of the matter, this court said:

"It is fundamental law that courts possess the inherent power to correct the record and enter judgments *nunc pro tunc*, and the lapse of time is no obstacle to the exercise of such power. Snyder v. Fahey, 183 Iowa 1118, 168 N. W. 117; Fuller v. Stebbins, 49 Iowa 376; Hofacre v. Monticello, 128 Iowa 239, 103 N. W. 488; * * * Mahaska County v. Bennett, 150 Iowa 216, 129 N. W. 838; Locher v. Livingston, 168 Iowa 457, 150 N. W. 614; Shelley v. Smith, 50 Iowa 543. This right to so enter a *nunc pro tunc* judgment exists when there is anything in the record of the case which shows that a judgment was announced by the court. Even the minutes of the judge's calendar, while not forming a part of the record, may be accepted as evidence tending to show that a judgment was actually rendered. * * * The shorthand notes of the official reporter, when filed, become a part of the record. * * * Under this line of authority there can be no question but that the district court had the power to make this *nunc pro tunc* judgment as prayed."

In the Equitable Life Insurance Company v. Carpenter, 202 Iowa 1334, 1336, 212 N. W. 145, 146, a judgment in foreclosure was entered for $25,985. This was the amount indicated by the clerk in the court journal, but in the appearance docket the clerk erroneously entered the amount of the judgment for $29,985. A special execution was issued for the erroneous amount and a sale had thereunder. The error was later discovered, and an application for a *nunc pro tunc* order was filed asking that the sale be set aside, that the execution be annulled, and that the record of the judgment be corrected so as to show the correct amount. In disposing of the issues thus raised, this court said:

"There is no question whatever under this record that an obvious mistake was made by the clerk in the entry in the appearance docket and in issuing the special execution. The amount of the judgment recovered in said cause was in fact $25,985.51. There is no controversy at this point. The sole question is as to whether, under these undisputed facts, the court erred in overruling the appellant's motion to correct the record and to set aside the sale, and also in sustaining the appel-

lees' motion to discharge the receiver. It was clearly the duty of the court to correct the clerical error made by the clerk in the entry of the judgment in the appearance docket. * * * The error was perfectly obvious, and the record should have been ordered corrected." [Citing many cases.]

In Andrew v. Winegarden, 205 Iowa 1180, 1182, 219 N. W. 326, 327, we said:

"There is no question of the inherent power of the court to enter a *nunc pro tunc* order. This power is frequently exercised for the correction of mistakes, either of omission or commission. There are numerous situations which may arise wherein the power of the court to enter a judgment *nunc pro tunc* may be properly invoked and exercised by the court to effectuate justice." [Citing many cases heretofore cited in this opinion.]

In Chariton & Lucas County Nat. Bank v. Taylor, 213 Iowa 1206, 1208, 240 N. W. 740, 741, a judgment foreclosing a chattel mortgage had been entered omitting a part of the mortgaged property. A motion to correct the original decree, *nunc pro tunc*, was filed after an appeal and reversal by this court, and upon a hearing on said motion the court found that the omission of a portion of the property described in the mortgage from the decree was an *evident mistake*, and an order was entered correcting the same as of date of the original decree. In that case we said:

"The office and function of a *nunc pro tunc* order or judgment is to put upon the record and to render effective some finding or adjudication of the court actually or inferentially made, but by oversight or evident mistake not made of record. * * * The *nunc pro tunc* order issued by the court herein is valid only if it in fact and effect corrects an evident mistake or supplies an omission from the judgment and decree previously entered."

In Fuller v. Stebbins, 49 Iowa 376, the application for the correction of a judgment entry *nunc pro tunc* was three and one-half years after the entry of the judgment. It was contended in that case that the right to correct the omission was limited to one year under section 3154 (now section 12787), but the court held that the section referred to did not govern and that the court had the inherent power to correct the prior entry,

Without further extending the opinion, we are constrained to hold that the power and authority of the court to correct an evident mistake is not restricted either by section 11550 or sections 12787, 12790, and 12791, but that such power is inherent in the court, and may be made under such inherent power as well as under section 10803. We do not think there is any such evidence of negligence or laches in this case as to prevent the plaintiff from having the judgment corrected in such a manner as to show the true and correct ruling of the court when the order for the original judgment was made on the court's calendar. It is apparent that the error was of the clerk, and that an evident mistake was made in the entering of the judgment on the court records, and that such judgment should be corrected to show the true judgment as indicated by the court on the court calendar. It follows that the ruling of the trial court must be, and it is, affirmed.—Affirmed.

DONEGAN, C. J., and ALBERT, MITCHELL, KINTZINGER, RICHARDS, PARSONS, and HAMILTON, JJ., concur.