STATE OF. IOWA, Appellee, v. DWIGHT HARBOUR, Appellant.

No. 47370.

(Reported in 37 N. W. 2d 290)

May 3, 1949.

D. W. Harris, of Bloomfield, and Herbert F. Box, of Ottumwa, for appellant.

Robert L. Larson, Attorney General, Don Hise, First Assistant Attorney General, and Paul Proctor, County Attorney, for appellee.

OLIVER, J.—February 14, 1948, defendant entered a written plea of guilty to the crime of operating a motor vehicle while intoxicated and the court (Judge Taylor) orally pronounced judgment thereon. February 21 said court signed a typewritten judgment entry prepared by the county attorney which provided that defendant be fined $300 and costs, and his motor vehicle operator's license be suspended for sixty days. It provided also:

"On the showing made, on payment of One Hundred Dollars ($100.00) of the above fine and the costs of this action, the balance of said fine is suspended during the good conduct of the defendant, and the defendant is hereby paroled to the sheriff of Davis County, Iowa."

The clerk spread the judgment on the record in this form.

After a contested trial and hearing had in July 1948, the court (Judge Taylor) on August 10 found the following part of the judgment orally pronounced on February 14 was not shown in the judgment entry:

"That upon failure to pay said fine, imposed in this cause, or any portion thereof, the defendant be imprisoned in the county jail of Davis County, Iowa, one day for every three and one-third dollars of the unpaid balance of said fine.

"Appeal bond is hereby fixed at $1000.00."

The court found and concluded this was an evident and obvious mistake in the record of the judgment and ordered and adjudged that the omitted provisions be incorporated into the record of the judgment as of the time of said oral pronouncement, to correctly show the sentence actually pronounced. Defendant has appealed.

About March 22, 1948, Judge Taylor advised the county attorney that the sheriff reported defendant had not paid the fine or any part thereof. The county attorney was directed to tell the clerk to issue a mittimus committing defendant to jail

for nonpayment of the fine. This was done and defendant was committed to the county jail March 22. At that time both the judge and the county attorney believed the judgment as shown of record contained the provision for imprisonment upon failure to pay the fine.

April 16 defendant sought a writ of habeas corpus alleging the judgment did not provide for imprisonment upon failure to pay the fine. April 17 the court (Judge Taylor), without notice to defendant, attempted to correct the judgment entry by a nunc pro tunc entry which supplied this provision. April 19 the court (Judge Simmons) which heard the habeas corpus action ordered that defendant be discharged, finding the correction of the judgment made at a subsequent term without notice was invalid. June 22 the county attorney filed a motion for the State for a nunc pro tunc record entry to correct the judgment, and defendant was notified of the time and place of hearing. June 28 defendant paid the clerk $100 to be applied on his fine and $35.05 to cover the costs assessed against defendant. Defendant filed several motions and a resistance to the motion of the State for nunc pro tunc entry.

I. The evidence of the county attorney, defendant's attorney and Judge Taylor was that the judgment orally pronounced February 14 provided that if the fine was not paid defendant should be committed to the county jail one day for each three and one-third dollars of the unpaid balance, and the appeal bond was fixed at $1000; that the county attorney was directed to prepare an entry for the record in accordance with such pronouncement; and that the entry was prepared in the county attorney's office, was submitted to and approved as to form by defendant's attorney and was thereafter signed by Judge Taylor and filed. The evidence of these witnesses was that through oversight or mistake the provisions in question were omitted from the entry and that neither the county attorney, defendant's attorney nor Judge Taylor discovered the omission. There was evidence from the sheriff, to whom defendant was paroled, that Judge Taylor advised the sheriff defendant's sentence included imprisonment upon failure to pay the fine and instructed him to

report such failure. As above stated, the sheriff later did so report, mittimus issued and defendant was imprisoned.

Several witnesses for defendant testified they were in the courtroom when defendant was sentenced but were unable to hear or did not remember all of the pronouncement of the court. Defendant testified he did not hear anything said about his going to jail for failure to pay the fine. However, defendant averred, in a verified pleading, that he was allowed to go at liberty for the purpose of raising the money to pay his fine. He testified, "I had thirty days to pay the fine and costs." His attorney testified the county attorney agreed to withhold the mittimus for thirty days. Had it not been understood failure to pay the fine would result in imprisonment there would have been no reason for any arrangement for withholding the mittimus. The record amply supports the finding and conclusion of the trial court that the omission of the provisions in question from the record of the judgment was an evident and obvious mistake.

II. Defendant contends the court erred in entering the April 17 nunc pro tunc order correcting the judgment entry. It happened there was an error in that order in that it corrected the judgment entry to recite that upon failure to pay the fine defendant be imprisoned "one day for every three and one-third dollars of the unpaid balance of said *bond*." (Italics supplied.) However, the order of April 17 would not invalidate the subsequent nunc pro tunc order of August 10. Puckett v. Guenther, 142 Iowa 35, 120 N. W. 123, 134 Am. St. Rep. 402; Chariton & Lucas County Natl. Bk. v. Taylor, 213 Iowa 1206, 240 N. W. 740. The ultimate question is whether the order of August 10 was erroneous. Hence defendant's contention that the order of April 17 was erroneous need not be here considered.

III. Defendant objected to Judge Taylor hearing and determining the motion for nunc pro tunc entry, asserting, Judge Taylor "will be acting as a court and also as judge of his own acts, and might consider matters that will not be subject to cross-examination by the defendant, and it is an improper procedure and prejudicial to the defendant." Error is predicated upon the overruling of this objection.

Section 622.12, Code of Iowa, 1946, provides a judge is a

competent witness for either party and may in his discretion order the trial to take place before another judge. And it has been the general practice in this jurisdiction that the judge who made the order hear and determine applications to correct it. National Loan & Inv. Co. v. Bleasdale, 159 Iowa 529, 141 N. W. 456; Stockdale v. Johnson, 14 Iowa 178; Chariton & Lucas Natl. Bk. v. Taylor, 213 Iowa 1206, 240 N. W. 740; Murnan v. Schuldt, 221 Iowa 242, 265 N. W. 369; Hamill v. Schlitz Brewing Co., 165 Iowa 266, 143 N. W. 99, 145 N. W. 511; State v. Frey, 206 Iowa 981, 221 N. W. 445; Cable Co. v. Miller, 162 Iowa 351, 353, 143 N. W. 94. Puckett v. Guenther, 142 Iowa 35, 37, 120 N. W. 123, 124, 134 Am. St. Rep. 402, states: "The proceedings adopted for such correction are not strictly adversary in their character. They are intended as a mere aid to the memory of the trial judge to make the record conform to the truth * * *." See also State v. Crosby, 67 Iowa 352, 354, 25 N. W. 279.

In Bisignano v. Municipal Court, 237 Iowa 895, 23 N. W. 2d 523, one found guilty of contempt for assaulting a judge complained that the trial was had before the same judge. This court affirmed the judgment with the statement the judge might well have called in another judge. See also 30 Am. Jur., Judges, section 77, page 786. Much less ground for complaint appears here.

In Downey v. United States, 67 App. D. C. 192, 91 F. 2d 223, relied upon by defendant, the judge did not testify and appellant was not given the right of inspection and cross-examination. Moreover, Judge Taylor testified on direct examination and offered to submit to cross-examination. We conclude the refusal to call in another judge was not error. Our rule upon this proposition is less strict than the federal rule.

IV. Defendant contends the nunc pro tunc order of August 10 was erroneous. The correction was sought to make the record entry conform to the actual pronouncement of the court, not to evidence a change in the decision itself. Such proceedings are clearly within the inherent power of the court and the existing statutes are merely cumulative. 13 Iowa L. Rev. 243; Murnan v. Schuldt, 221 Iowa 242, 265 N. W. 369; Hofacre v. City of Monticello, 128 Iowa 239, 243, 103 N. W. 488; Fuller

v. Stebbins, 49 Iowa 376; Lambert v. Rice, 143 Iowa 70, 74, 120 N. W. 96; Hobson v. Dempsey Constr. Co., 232 Iowa 1226, 1231, 7 N. W. 2d 896; Freshour v. Freshour, 233 Iowa 1144, 1147, 11 N. W. 2d 375; Burry v. Haynes, 232 Iowa 1209, 1219, 7 N. W. 2d 914; State v. Frey, 206 Iowa 981, 984, 221 N. W. 445; Snyder v. Fahey, 183 Iowa 1118, 168 N. W. 117. It may be noted that the corrective order was made at the term of court immediately following the term at which the judgment was pronounced and before the record for the prior term was signed. Code section 604.41; 13 Iowa L. Rev. 252; State v. Crosby, 67 Iowa 352, 354, 25 N. W. 279; Hurley v. Dubuque Gas Light and Coke Co., 8 (Clarke) Iowa 274, 277; Greazel v. Price, 135 Iowa 364, 367, 112 N. W. 827; Concannon v. Blackman, 232 Iowa 722, 727, 728, 6 N. W. 2d 116; Grimes Savings Bk. v. Jordan, 224 Iowa 28, 33, 276 N. W. 71.

█ █ The rendition of a judgment is the judicial act of the court as distinguished from the entry of the judgment which is the ministerial act of spreading it upon the record. 49 C. J. S., Judgments, section 100, page 222; Puckett v. Guenther, 142 Iowa 35, 40, 120 N. W. 123, 134 Am. St. Rep. 402. The rule that there can be no judgment until it is entered in the proper record of the court has no reference to the effect to be given a nunc pro tunc entry. 13 Iowa L. Rev. 250; Kennedy v. Citizens Natl. Bk., 119 Iowa 123, 126, 93 N.W. 71; Doughty v. Meek, 105 Iowa 16, 19, 74 N. W. 744, 67 Am. St. Rep. 282; Brooks v. Owen, 200 Iowa 1151, 1153, 202 N. W. 505.

█ In Chariton & Lucas County Natl. Bk. v. Taylor, supra, the judgment entry was prepared by an attorney and signed by the court. It omitted certain property. An attempted correction of the record was held erroneous because made without notice to the opposite party. See Chariton & Lucas County Natl. Bk. v. Taylor, 210 Iowa 1153, 232 N. W. 487. Thereafter the judgment was corrected by a nunc pro tunc order, after notice and hearing. This was affirmed on the second appeal, 213 Iowa 1206, 240 N. W. 740.

The procedure in the case at bar is analogous to that in the cited case. The Taylor case and Murnan v. Schuldt, 221 Iowa 242, 265 N. W. 369, are cited in an annotation in 126 A. L. R. 978;

in support of the statement: "Although an error in a judgment, order, or decree was originally made by an attorney when preparing the same for the signature of the judge or clerk, it may none the less be a 'clerical' error."

We hold the error in the case at bar was a clerical error as distinguished from a judicial error.

█ Defendant contends the court was without power to make the corrective order because it added to the penalty. He cites Smith v. District Court, 132 Iowa 603, 109 N. W. 1085, 11 Ann. Cas. 296. There defendant was sentenced to the penitentiary for one year. The sentence was executed. Nearly six years afterwards the court, after notice to defendant, entered a nunc pro tunc order correcting the judgment by inserting a fine of $500. The effect of this was to add an additional penalty after the sentence was executed and the judgment satisfied. In the case at bar, however, the provision for imprisonment upon default of payment was not an additional penalty. As stated in Albertson v. Kriechbaum, 65 Iowa 11, 17, 18, 21 N. W. 178, 180:

"The provision in the judgment for his commitment is conditional and contingent. It can only be enforced in case of his refusal to perform the pecuniary judgment against him. Its office, like that of the provision for execution in civil judgments, is to afford the means for the enforcement of the judgment. The imprisonment is not imposed in lieu of the fine. Neither does it operate to satisfy the judgment for the fine and costs, however long it may be continued. [Citing authorities.] The conclusion that the only punishment prescribed by the statute for the offense of which defendant was accused is the fine which the court is empowered to impose, follows necessarily, we think, from the terms of the statute, and this view is well sustained by the authorities: [Citing authorities]."

In State v. Rand, 239 Iowa 551, 555, 32 N. W. 2d 79, 81, are similar statements. The text in 15 Am. Jur., Criminal Law, section 546, page 184, states the penalty or the punishment adjudged is the fine, and the custody the mode of enforcing the payment of the fine. To the same effect is 36 C. J. S., Fines, section 11, page 788.

We conclude the correction of the judgment by adding the provision for imprisonment upon failure to pay the fine did not increase the penalty from a legal standpoint.

■ Defendant argues the evidence was insufficient to justify the entry of the nunc pro tunc order because there was no record evidence such as an entry, note or memorandum to show that the judgment orally pronounced contained the provisions here in question. He cites Puccinelli v. United States, 9 Cir., Cal., 5 F. 2d 6. State v. Crosby, 67 Iowa 352, 354, 25 N. W. 279, 280, states:

"To our minds it is doubtful whether a court should correct its record, after the adjournment of the term, upon affidavits, unaided by anything in the record or within the recollection of the judge which tends to corroborate * * *."

In Cable Co. v. Miller, 162 Iowa 351, 143 N. W. 94, the correction was made without the aid of an entry or memorandum. The article by Wayne G. Cook, 13 Iowa L. Rev. 433, states:

"It would appear that the trend of the Iowa decisions is toward the general rule that parol evidence may be resorted to to establish the terms of the decision to which it is sought to make the record conform."

In re Wight, 134 U. S. 136, 10 S. Ct. 487, 33 L. Ed. 865, holds a federal court may order an amendment of its record in a criminal case by a nunc pro tunc entry made to supply an omission in the record of what was done at the preceding term, and that the power to make such changes is not limited to cases in which there remains written memoranda by which the record can be amended. Gagnon v. United States, 193 U. S. 451, 458, 24 S. Ct. 510, 512, 48 L. Ed. 745, 748, states: "* * * there is no impropriety in ascertaining the fact even by parol evidence, and supplying the missing portion of the records."

In Montgomery v. United States, 8 Cir., Mo., 165 F. 2d 196, each side sought to correct the record. The decision affirmed an order correcting the record to show the ten-year aggregate sentence pronounced was to be served consecutively after three prior consecutive sentences of five years each and not concurrently with

the last two of the prior sentences. The only evidence for the Government was the testimony of the judge, the Assistant United States attorney and the attorney who had represented defendants. An earlier appeal is reported in 134 F. 2d 1.

In re McQuown, 19 Okla. 347, 91 P. 689, 11 L. R. A., N. S., 1136, involved statutes similar to our own. The record of the judgment showed a fine only, whereas the oral sentence pronounced adjudged that upon failure to pay the fine defendant be committed to jail. After the expiration of the term of court this was corrected by a nunc pro tunc order, apparently upon parol evidence. The court held this was not void. See also Ex parte Barnes, 67 Okla. Cr. 235, 93 P. 2d 765, which involved a statute which not merely authorized but required imprisonment for nonpayment of the fine. The text in 15 Am. Jur., Criminal Law, section 478, page 133, states that according to the majority of decisions: "In allowing the amendment the court may act on any competent legal evidence."

We conclude the court did not err in ordering the correction of the record upon parol evidence only and that no written evidence, entry or note was essential. The power of the court to amend records of its judgments by correcting mistakes must not be confused with the power of the court to modify or vacate an existing judgment. See 30 Am. Jur., Judges, section 94, page 866. This case involves merely the correction of a mistake in the record.

▆▆▆ Defendant contends the court was without power to make the nunc pro tunc order after defendant had paid the $100 and costs. It is sufficient answer that no part of the fine was paid until after defendant was given notice of the application for the nunc pro tunc order.

We have already called attention to some decisions from other jurisdictions involving the correction of records in criminal cases. Another recent decision is Buie v. United States, 5 Cir., Tex., 127 F. 2d 367, which holds the court properly corrected its record to show that two five-year sentences imposed against the defendant were to run consecutively although the term had passed and defendant had served five years in the penitentiary. Subsequently Buie instituted and appealed another action. Buie

v. King, 8 Cir., Mo., 137 F. 2d 495, 498. The most outstanding question was stated to be "After the record judgment in a criminal case has been satisfied can the trial court re-imprison the defendant by a nunc pro tunc order amending the original record judgment to insert therein words and figures increasing the substance of the penalty shown by the original record judgment?" The decision points out that the authority of federal courts to correct their records and supply omissions therein has been declared more broadly in later decisions. The opinion (Montgomery v. United States, 134 F. 2d 1, 2) cites Hill, warden, v. United States ex rel. Wampler, 298 U. S. 460, 464, 56 S. Ct. 760, 762, 80 L. Ed. 1283, 1286, which held void the insertion in a commitment of a provision for imprisonment for nonpayment of a fine, but stated, "If the entry is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth." The judgment of the trial court, Buie v. King, D. C. Mo., 50 F. Supp. 952, denying the application for writ of habeas corpus was affirmed.

We conclude the court did not err in making the nunc pro tunc order correcting the record in the case at bar. Nothing stated herein should be interpreted as approving that part of the original judgment which purports to suspend a portion of the fine. See State v. Rand, 239 Iowa 551, 32 N.W. 2d 79.— Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.